(34 Misc. Rep. 214.)

### SMITH v. HART.

(City Court of New York, General Term. February 28, 1901.)

CONVERSION—LEASED PREMISES—RENT—STORED GOODS.

The plaintiff leased an inclosed lot from the defendant for the storage of junk. After using it a year, he locked up a quantity of junk in it, and left it. Defendant changed locks on the gate, thus securing the goods. A year later the plaintiff demanded his goods, and the defendant refused to let him have them till he paid a year's rent and some other charges. *Held* that, defendant having no right to detain the goods for unpaid rent, the facts were sufficient to sustain a complaint for conversion.

Appeal from trial term.

Action by Clarence W. Smith against Henry Hart. From an order of the trial court dismissing the complaint the plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Seymour, Seymour & Harmon, for appellant.
Hoadley, Lauterbach & Johnson, for respondent.

FITZSIMONS, C. J. It was error to dismiss the complaint. The evidence of plaintiff, uncontradicted as it was, would have entitled and justified the court in directing a verdict in his favor. It proves that defendant was the owner of a lot of ground at 130th street and Park avenue, and leased it to plaintiff (who was a junk dealer) for the storage of old junk of all kinds. Plaintiff took possession about May, 1896, and about September, 1897, as he terms it, closed the yard, and placed on the gate his own lock, and leaving in the yard a quantity of junk of considerable value. With plaintiff's consent, on or about October 15, 1897, it appears that defendant caused his agent to remove plaintiff's lock from the gate, and placed thereon a lock owned by defendant, thus securing the goods stored in the yard. This state of affairs continued down to September 20, 1898, when plaintiff demanded his goods from defendant, who, through his agent, —one Beaver,—refused to deliver the goods to plaintiff unless one year's rent was paid; also some other charges. This demand was not complied with. Plaintiff's was the only evidence submitted. It appears to us that plaintiff had, lawfully, goods in defendant's yard; that by defendant's consent the same were left in said yard after plaintiff had left it, and had had a right to their possession at any

time thereafter if in defendant's possession. Apparently it was in his possession when a demand for them was made upon him, for his agent said to plaintiff, "You may have them if you pay us the rent due from you." Defendant had no right to retain the goods for unpaid rent, and the detention of the goods because of plaintiff's failure to pay said rent was an unlawful act, and made the defendant guilty of conversion; wherefore we say that it was error to dismiss the complaint.

The judgment must be reversed, with costs to appellant to abide the event. All concur.