(114 App. Div. 794)

### MARDER v. HEINEMANN.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

CONVERSION—TAKING OUT PROPERTY OF TENANT—REMOVAL OF PLATE GLASS FRONT.

 A landlord, by assenting to the removal by an incoming tenant of a plate glass front to take in an ice box, assented to the taking of it out in the same way, and his refusal to allow the tenant to do so was a conversion, thereof.

Appeal from Municipal Court of New York.

Action by Arthur Marder against Adam Heinemann. From a judgment for defendant, plaintiff appeals. Reversed.

The action was by tenant against landlord for the conversion of an ice box. The defendant leased a store to the plaintiff, who carried on in it the business of retail dealer in butter and eggs. The ice box he put in for his business being too large to go through the door, he took out the large plate glass which formed part of the front of the store, and was set in the building itself, instead of in a movable sash, and put the ice box in through the opening, and replaced the plate glass. The defendant was present while the ice box was being put in in that way, and did not forbid or prevent it, but only asked who was to repair the damage by the removal of the glass, the plaintiff saying he would. When the tenant was moving out at the end of the term the defendant prevented him from taking the ice box out in the way he took it in and there was no other way to take it out. It could not be taken apart without being destroyed, or greatly injured.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Robert H. Roy, for appellant.

Fenton Rockwell, for respondent.

GAYNOR, J.   The refusal of the defendant to allow the plaintiff to remove the plate glass to take out his ice box was a conversion thereof.   By assenting to the removal of the plate glass to take the ice box in, the defendant assented to the taking of it out in the same way.   Kelsey v. Durkee, 33 Barb. 410.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.