LORETTA KELLY, an Infant, by FRANK L. KELLY, Her Guardian ad Litem, Respondent, v. CYRUS V. WASHBURN and GEORGE W. SICKLES, Appellants.

Second Department, June 8, 1917.

**Real property — negligence — liability of owner for injuries resulting from failure to protect foundation exposed by excavation — sale of house to wrecking company — conveyance not recorded until after accident.**

Where a building and its foundations abutting upon a public street have been put in a dangerous condition by reason of a deep excavation made for the purpose of lowering the street grade to pass under a bridge, the owner does not escape liability for injuries to a pedestrian who, while lawfully upon the sidewalk, was struck by a stone which fell from the foundation, merely because after the excavation he has sold the building to a wrecking company so as to constitute a legal severance of the building from the land.

*Quære,* as to whether the liability would exist if the menace from the building began after such legal severance from the land.

Likewise, the owner of an undivided interest in the land does not escape liability by a deed executed before, but not recorded until after, the accident.

APPEAL by the defendants, Cyrus V. Washburn and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of October, 1916, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 2d day of November, 1916, denying defendants' motion for a new trial made upon the minutes.

Plaintiff, a child six years old, received personal injuries from being struck by a large stone which rolled down on her from premises at 115 Sands street, owned by the defendants, or at least one of them, on April 14, 1914. By lowering the grade of Sands street some nine and one-half feet so as to pass under Manhattan bridge, a high bank had been left in front of this house, the stoop of which had been taken off, so that the top step, at what had been the front entrance, had been supported by needle beams. The light soil of the yard had washed down the sloping bank, and away from the foundation

walls. The testimony indicated that it was one of these foundation stones, estimated to weigh seventy pounds, which rolled down upon plaintiff then lawfully on the sidewalk.

Defendants had purchased the property, which then had stood unoccupied, on January 27, 1914. On March fourth, some forty days before this accident, defendants had sold the building structure to house movers, by an instrument purporting to pass the title to the severed building, with a further provision that the purchasers should begin demolition on or before March 30, 1914. The appellant Washburn had deeded away his undivided interest in this land by instrument acknowledged March 10, 1914, which, however, was not recorded till the afternoon of the day of this accident. The case went to the jury on the theory of negligence.

*Andrew F. Van Thun, Jr.,* for the appellant Cyrus V. Washburn.

*Vine H. Smith,* for the respondent.

PUTNAM, J.:

This contract of March fourth passed title to the *building* on signing and delivery of that instrument. There was a legal severance of the building from the land, and the house-wreckers were at once vested with title to the building. (*Melton* v. *Fullerton-Weaver Realty Co.,* 214 N. Y. 571.)

The liability having been left to the jury on the theory of negligence, appellants contend that, therefore, it was necessary to show that at the time of the accident the premises were under their control, with a continuing legal duty on them to use care.

Although prior to the accident defendants had sold the building to be demolished and removed, such severance of the title to that building did not release the landowner from any existing liability for a dilapidated structure so unsafe as to threaten the wayfarer on the public street. We are not called on to pass on the landowner's liability where the danger and menace from the building begins after its legal severance from the land. Even the deed of one defendant's undivided interest in the land did not exonerate such owner from liability, if the subsequent accident happened because

of his want of care before delivery of the deed. Negligence of this degree becomes similar to the cause of action for nuisance, because its effect may be a direct danger to the public. (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404, 408.)

There being no error in the rulings or the charge, I advise that the judgment and order should be affirmed, with costs.

Present — JENKS, P. J., STAPLETON, MILLS and RICH, JJ.

Judgment and order unanimously affirmed, with costs.