MARGARET VOUSDEN, Respondent, v. UNITED CITIES REALTY CORPORATION, Appellant.

Second Department, November 19, 1920.

**Landlord and tenant — liability of landlord to servant of tenant for injuries caused by defective condition of premises which was apparent when lease executed.**

A lessor who rents private property in apparent disrepair, with a covenant that all repairs are to be at the tenant's sole cost and expense, is not answerable in damages for injuries received by a domestic servant of the tenant, which were caused by the defects in the property, even if then amounting to a nuisance, in the absence of any element of public use or public danger, or risk to adjoining property.

APPEAL by the defendant, United Cities Realty Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of April, 1920, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 12th day of April, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Barnett Cohen* [*Barent L. Visscher* and *Frank J. O' Neill* with him on the brief], for the appellant.

*Julius S. Belfer* [*Charles J. Belfer* with him on the brief], for the respondent.

PUTNAM, J.:

This appeal raises a question of law, namely, the liability of a lessor of private premises for subsequent personal injuries from a dangerous condition of the leased premises which had existed at the time of the demise.

Mrs. Doerle was lessee of these entire premises, 91–93 Boerum place, over which the defendant retained no control. She had held under successive written leases expiring May 1, 1917, and subsequent years. The lease had a covenant that all repairs were to be at the tenant's sole cost and expense.

In the rear of this house was a storm shed about the size of a telephone booth, which led into the back yard. At the

last renewal letting, May 1, 1918, this shed was in a collapsed and rotten condition. About June 1, 1918, plaintiff, a domestic employed by Mrs. Doerle, while going with Mrs. Doerle through this storm shed carrying a piece of carpeting, was hurt by the roof falling upon both persons, for which plaintiff has here recovered.

I think it is clear that Mrs. Doerle, having accepted the renewal letting with this rotten and shaky condition of the shed, could not herself sue this defendant for damages resulting from such defects, even if then amounting to a nuisance. (*Robbins* v. *Jones*, 15 C. B. [N. S.] 221; *Jaffe* v. *Harteau*, 56 N. Y. 398, 401.)

In *Junkermann* v. *Tilyou Realty Co.* (213 N. Y. 404) Judge CARDOZO referred to this general rule, and stated the exceptions — such as a building used for the public, or one that was a menace to the passerby or to adjoining owners.

Exceptions are familar where the property is intended for public use, like a wharf in New York (*Swords* v. *Edgar*, 59 N. Y. 35), or structures for exhibition games of baseball (*Lusk* v. *Peck*, 132 App. Div. 426; affd., 199 N. Y. 546), or where the property is of a " character dangerous to the public or an adjoining owner " (*Timlin* v. *S. O. Co.*, 126 N. Y. 525). In such case a member of the public, or an adjoining owner, may bring suit. (*Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310, 314. See *Kelly* v. *Washburn*, 178 App. Div. 664.)

In the absence of the element of public use or public danger, or risk to adjoining property, the lessor who rents property then in disrepair is bound merely on the implied covenant of quiet enjoyment (*Fifth Avenue Building Co.* v. *Kernochan*, 221 N. Y. 370, 376), and is not answerable in damages for the defects of the rented property to the tenant, subtenant, or to one like this plaintiff who forms part of the tenant's family.

I, therefore, advise that the judgment be reversed and the complaint dismissed, with costs.

Present — JENKS, P. J., MILLS, RICH, PUTNAM and BLACK-MAR, JJ.

Judgment reversed and complaint unanimously dismissed, with costs.