JOHN WIDMAR, Respondent, v. M. HURE HEALEY, Appellant.

Landlord and tenant — real property — action by tenant to recover for injury from explosion of stove — ice in pipe leading to boiler not a defect — lessor not liable for injury from defect in absence of fraud or covenant to repair.

1. A cause of action, tenant against landlord, for injuries resulting from the explosion of a stove based solely upon allegations that it belonged to the landlord, was a fixture in the kitchen of the leased premises and was broken and in need of repair, is not proved by testimony that the explosion occurred by reason of the presence of ice in the pipe leading from the stove to the boiler. The presence of ice does not constitute a defect.

2. Even if the allegations of the complaint had been proved no cause of action existed. Neither fraud nor covenant to repair is alleged, and in their absence a lessor does not represent that the premises are tenantable.

Widmar v. Healey, 219 App. Div. 727, reversed.

(Argued November 29, 1927; decided January 10, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 19, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

Everett W. Bovard and Norman G. Hewitt for appellant. The defendant landlord having put the tenant in full

possession of his premises is not liable for personal injuries sustained by reason of the defective condition thereof. (*Franklin* v. *Brown*, 118 N. Y. 110; *Richmond* v. *Lee*, 123 App. Div. 279; *Silverman* v. *Isaac*, 183 App. Div. 542; *Steefel* v. *Rothschild*, 179 N. Y. 273; *Hirsch* v. *Radt*, 228 N. Y. 100; *Vonsden* v. *United Cities Realty Corp.*, 194 App. Div. 26; *Long* v. *Warren*, 68 N. Y. 426; *Renard* v. *Grenthal*, 81 Misc. Rep. 135.)

*Murray G. Jenkins* for respondent. In renting an apartment to the plaintiff, the landlady assured him that " she fixed everything all right," and she herself urged him to start a fire immediately after he entered the apartment and for that purpose herself supplied the wood. By her own words, by her own acts with " full control " of the premises as she admits in her answer, she is liable for inviting the plaintiff to use her stove in a knowingly dangerous condition. (*Swordes* v. *Edgar*, 59 N. Y. 28; *Edwards* v. *New York & Harlem R. R. Co.*, 98 N. Y. 247; *Timlin* v. *Standard Oil Co.*, 126 N. Y. 514; *Barrett* v. *L. O. B. Imp. Co.*, 174 N. Y. 310; *Fox* v. *Buffalo Park*, 21 App. Div. 312; 163 N. Y. 559; *Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Uggla* v. *Brokaw*, 117 App. Div. 586; *O'Malley* v. *Twenty-five Associates*, 178 Mass. 555; *Quinn* v. *Perham*, 151 Mass. 162; *Cadby* v. *Hill*, 231 N. Y. 323.)

O'BRIEN, J. Plaintiff sued his landlord for injuries resulting from an explosion of a stove. He had leased part of defendant's premises and was in the act of taking possession when the injury occurred. His cause of action is based solely upon allegations that the stove, belonging to defendant and a fixture in the kitchen, was broken and in need of repair. His own witnesses proved the contrary. During the term of the tenant immediately preceding him, a pipe leading from the stove to the boiler had burst but a new one had been substituted. It was in excellent condition at the termination of the

lease. The outgoing tenant left the water turned on in the pipe connecting the stove and boiler but this fact was apparently unknown to plaintiff and to defendant.

Confronted by proof that the pipe had been repaired and was in good condition, plaintiff changed his theory of liability. With the complaint standing unamended, he proved that the explosion occurred not by reason of a broken and defective stove, as alleged in the complaint, but by reason of the presence of ice in the pipe. Plaintiff and his wife had inspected the premises four days previous to the accident. That day was very cold and the wife saw ice in the wash tubs and hanging from the faucets in the kitchen. Plaintiff could have seen it if he had looked. The day of the accident was equally cold and at the suggestion of defendant, plaintiff built a fire in the stove. A quarter of an hour after the fire started, an explosion occurred, the stove burst and flying pieces of iron struck and injured plaintiff. That the accident resulted from the presence of ice in the pipe is conceded. Neither plaintiff nor defendant knew of its existence. Plaintiff made no investigation nor inquiry concerning it. He started the fire without examination. The presence of ice does not constitute a defect. It has nothing to do with the construction of the stove or pipe but is an independent condition resulting from cold weather. Plaintiff's case, therefore, was not proved.

Even if the allegations of the complaint had been supported by evidence, no cause of action would have existed. No covenant to repair is alleged. Neither does the complaint state that defendant fraudulently concealed defects. In the absence of fraud or of a covenant, a lessor does not represent that the premises are tenantable and may be used for the purposes for which they are apparently intended. (*Jaffe* v. *Harteau,* 56 N. Y. 398; *Daly* v. *Wise,* 132 N. Y. 306; *Steefel* v. *Rothschild,* 179 N. Y. 273, 277; *Vousden* v. *United Cities Realty Corp.,* 194 App. Div. 26.)

1928.] Statement of case. [247 N. Y. 97]

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgments reversed, etc.