Eugene R. Mulligan and Another, Appellants, Respondents, v. Angela Fioravera, Respondent, Appellant.

First Department, February 14, 1930.

*Eugene L. Brisach* of counsel [*Howard C. Kelly* and *John H. Finn* with him on the brief; *Eugene L. Brisach*, attorney], for the plaintiffs.

*David Berg* of counsel [*Maurice Lebauer* with him on the brief; *David Berg*, attorney], for the defendant.

Finch, J. The plaintiffs appeal from a judgment entered upon the report of a referee appointed to hear and determine, which dismissed the complaint and granted the defendant judgment upon the counterclaim. The defendant also appeals upon the ground that the damages awarded upon the counterclaim are inadequate. The facts out of which this controversy arises briefly are as follows:

By mesne assignments the defendant, on or about May 6, 1927, came into the possession of certain premises which plaintiff Eugene R. Mulligan, by a lease in writing, had demised to one Schwartz for a term of nine years and nine months commencing December 1, 1925. The lease provides that the premises are " to be used and occupied for rooming or apartment purposes only " and that " the tenant shall take good care of the premises and shall, at his own cost and expense, make all repairs, interior and exterior, excepting any extraordinary structural alterations, which the landlord agrees to comply with." The lease further provides that the tenant shall execute and comply promptly with the regulations and requirements of all governmental departments and bureaus, except any extraordinary structural alterations, which the plaintiff agrees to comply with. When this lease was made the premises consisted of a five-story and basement building used for apartment purposes. The lease was expressly made subject to four outstanding leases of apartments in the premises, the longest unexpired term of which was some ten months after the date of the lease in suit. The lessee immediately commenced to convert the premises into a rooming house and, to that end, made certain alterations in such parts of the premises as were not then subject to lease. As soon as the leases of the other apartments expired, the latter also were altered into furnished rooms. These alterations were made without the written consent of the landlord, as provided in the lease, and without filing plans and specifications with the proper city department or obtaining a municipal permit. In January, 1929, the tenement house department placed a violation upon the premises for not providing adequate fire escapes upon the front of the building and arranging certain single rooms so that there would be an adequate fire escape accessible to those rooms. The testimony of the tenement house inspector was, in effect, that the violations could be obviated by complying therewith or by restoring the premises to the condition in which they were when they were rented as apartments.

In the meantime the defendant, as noted, by mesne assignments from the original lessee, had come into possession. She refused to make these restorations required to obviate the violations or to make the necessary alterations to make the premises comply with the provisions relating to rooming houses. Because of this she was

prohibited by the municipal authorities from using certain rooms. Upon the ground of her inability to get income from these rooms she refused to pay the rent due March 1, 1929. The plaintiff, as landlord, instituted summary proceedings against the tenant for the rent due, and the tenant raised the same issues as those in this action. This proceeding resulted in a final order in favor of the landlord, and the defendant, as tenant, took no appeal but paid the rent. A similar summary proceeding for the rent due for April and May, 1929, followed the same course. The landlord brought this action to enjoin the tenant from making alterations in violation of law and also from using the premises in violation of law until such time as the defendant should either restore the premises to their original condition or make such alterations as the proper city department required. Elizabeth I. Mulligan, wife of the landlord, consented to be made a party plaintiff. The learned referee held the lease void because providing for an illegal use of the premises in its then condition; that the defendant was entitled to an abatement of rent from the time when the violation was placed upon the premises up to the date of the entry of the final decree herein; that the defendant was entitled to damages and costs; that the defendant have thirty days' time from the date of the entry of the decree herein to vacate the premises, and that, pending termination of this thirty-day period, the plaintiffs were restrained from interfering with the defendant in her use and possession of the premises and from collecting any rent or taking any steps to oust or dispossess the defendant. It is stated in the briefs, apparently without contradiction, that the defendant is still in possession of the premises without having paid any rent to the plaintiffs since May, 1929, and has not given any security therefor.

It is clear that the lease is not void and was not void when executed. The parties had the right to lease these premises for apartment purposes or for rooming purposes. There was no express covenant that the premises were suitable for rooming purposes, and none such is to be implied. As was said by Judge O'BRIEN in *Widmar* v. *Healey* (247 N. Y. 94, 96): " In the absence of fraud or of a covenant, a lessor does not represent that the premises are tenantable and may be used for the purposes for which they are apparently intended."

When the lease was made there were no violations on the premises, and it is a reasonable construction that it was contemplated that if these premises were converted for use as a rooming house, at the wish of the tenant, necessary alterations should be made in accordance with law. As was said by Judge GRAY in *Shedlinsky* v. *Budweiser Brewing Co.* (163 N. Y. 437, 439): " It is a generally

accepted rule that when a contract is to do a thing which cannot be performed without the violation of the law, it is void; but when it may be performed lawfully, as well as in violation of the law, it is valid; in the absence, at least, of proof that the intention of both parties was that the law should be violated. The construction of a contract should be, when it is possible, in favor of its legality."

The tenant claims that the duty to make these alterations was upon the landlord under the provision of the lease requiring the landlord to make extraordinary structural alterations. This provision of the lease, however, clearly related only to alterations required by the municipal departments incidental to the ordinary use of the premises for apartment house purposes and not to alterations voluntarily undertaken by the tenant to convert the same into a rooming house. This is made clear by the act of the parties. When the tenant obtained the oral consent from the landlord to adapt the premises to a rooming house (according to the testimony of the tenant), there was no demand that the landlord make or pay for these alterations or other alterations incidentally necessary to comply with requirements of the law applicable to rooming houses. The tenant proceeded at her own expense to make such changes as she desired, without any attempt to comply with the law. Several years later, when the municipal departments were apprised of the alterations which had secretly been made and required a compliance with the law, the tenant then attempted to disclaim the intention of the parties as expressed in the written lease and as shown by its construction by the parties, and sought to compel the landlord to make alterations necessary to legalize the changes voluntarily and unlawfully made by defendant and her assignor.

It thus appears that the lease had no illegal inception, but the use of the premises subsequently became illegal through illegal acts of the tenant, which acts, moreover, could have been legally performed; further, that there was no obligation upon the landlord under the terms of the lease to adapt the premises for use as a rooming house or to make structural alterations necessarily incidental to such conversion of the premises.

It might also well be held that the summary proceedings heretofore had between these parties are res adjudicata of the same issues in favor of the plaintiffs. It is not necessary, however, to rest our decision upon that ground.

From the foregoing it is a necessary corollary that the defendant is entitled to no relief upon her counterclaim for damages for a partial eviction alleged to arise out of the refusal of the tenement house department to permit the occupancy of certain rooms because of violations of law created by defendant and her predecessors.

It follows that the judgment should be reversed, with costs, and judgment granted in favor of plaintiffs, with costs, enjoining the defendant from using the premises unless she either restore them to their original condition or make such alterations as the municipal department having due jurisdiction shall require.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of plaintiffs, with costs, enjoining the defendant from using the premises unless she either restore them to their original condition or make such alterations as the municipal department having due jurisdiction shall require. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.