### (January 30, 1939.)

In the Matter of the WESTCHESTER COUNTY BAR ASSOCIATION with Respect to SAMUEL I. OSOFSKY, an Attorney, Respondent.— On the court's own motion, the decision of this court handed down on January 23, 1939 [*ante*, p. 829], is hereby amended to read as follows: Matter referred to Hon. Albert H. F. Seeger, official referee, in place of Hon. J. Addison Young, to hear and to report with his opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

ANGELINA BASILE, an Infant over the Age of Fourteen Years, by ALFIO BASILE, Her Guardian ad Litem, and ALFIO BASILE, Respondents, v. TOMPKINS BUS CORPORATION, Appellant.— In an action to recover damages for personal injuries, the infant-plaintiff obtained a verdict of $22,500 and her father a verdict for $1,500, and judgment was entered thereon. Defendant appeals. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event, unless within twenty days after the entry of the order hereon plaintiffs stipulate to reduce the verdict in the infant's case to the sum of $17,500, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In the opinion of the court, the verdict in the infant's case was excessive. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

SALVATORE BERRETTA, Appellant, v. WILLIAM H. SCHROEDER, Respondent.— The plaintiff sought to recover damages for personal injuries resulting from a fall on a stairway of a two-family house. Plaintiff had been a tenant of the upper floor for about three years; and the negligence alleged was a structural defect existing during that period. The complaint was dismissed on the trial. Judgment unanimously affirmed, with costs. (See *Campbell* v. *Holding Co., Inc.*, 251 N. Y. 446; *Vousden* v. *United Cities Realty Corporation*, 194 App. Div. 26.) Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

ESTER BROWN, Appellant, v. SOL. J. YASPAN, Defendant, and SADIE LEBOWITZ, Sued Herein as SADIE GROSSMAN, Respondent.— Action for damages for personal injuries and loss of employment due to the alleged wrongful acts of the defendants. Order in so far as it grants respondent's motion to strike out certain allegations in the complaint reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order hereon. The allegations struck out improperly deprive the plaintiff of the right to prove certain alleged acts and methods employed by the defendants to ruin the plaintiff. Their excision devitalized the complaint. Their retention may not be said to prejudice the defendants by requiring them to plead thereto. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur. [See *post*, p. 991.]