GEORGE SCOTT, Plaintiff, *v.* BROWNING BUSINESS SERVICE, INC., and EDWARD STEINHARDT, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 3, 1941.

*Abraham Chernow*, for the plaintiff.

*Lewis Nadel*, for the defendants.

LEWIS, J. The plaintiff, a tenant on the fifth floor of the defendants' office building, at 1265 Broadway, borough of Manhattan. notified the corporation and its manager, Edward Steinhardt, a codefendant herein, of his intention to move at the end of the month, and requested the use of the building elevators to remove his office furniture. Defendants refused such use unless the rent of forty-five dollars then in arrears was paid. Subsequently plaintiff was billed for an additional month's rent. Plaintiff thereupon brought proceedings in the Magistrates' Court under section 2040 of the Penal Law for unlawful withholding of his property. The magistrate directed the landlord to permit plaintiff the use of the elevators, and upon compliance by the landlord the proceedings were dismissed. Plaintiff seeks in this action to recover damages for the conversion and unlawful detention of his property, including the reasonable value of his attorney's services.

McAdam on Landlord and Tenant ([5th ed.], vol. 2. p. 1079) states: " The landlord's common law lien on tenant's property was abolished in New York with the abolition of the right of distress."

Distress for rent was abolished in New York by chapter 274 of the Laws of 1846. By section 181 of the Lien Law the keeper of a hotel, inn, boarding, rooming or lodging house is given a lien on the property of his guest for the charges due from him. The relationship between the plaintiff and the corporate defendant in the case at bar was that of landlord and tenant and not one which would come under section 181 of the Lien Law. The defendants had no right to retain plaintiff's goods for unpaid rent or to hinder him in removing them from the premises. (*Smith* v. *Hart*, 34 Misc. 214.) The landlord's remedy for the collection of the rent in arrears was by way of an action for rent. The refusal by the landlord and its manager to allow plaintiff the use of the elevators to remove his furniture constituted an unlawful act of detention rendering them liable for any resultant damages.

Defendants ask for an erroneous interpretation of clause 12 of the written lease between the parties which provides: " As long as Tenant is not in default under any of the covenants of this lease, the Landlord shall * * * run elevators on business days from 8 A. M. to 6 P. M. and have one elevator subject to call at all other times." Defendants contend that the plaintiff's default in paying the rent precluded his right to receive *any* elevator service. But the proper construction of such a clause makes it apply only to the *usual* accommodations afforded tenants to enable them to conduct their business in the building. This plaintiff did not request the use of the elevators to carry on his *usual* business in the building but solely for the purpose of *surrendering the premises*

and putting the landlord in possession thereof. His right to use the elevators for the last time in order to remove his furniture was inherent in the relationship of landlord and tenant, especially in view of the fact that the landlord had assented to the plaintiff's use of the elevators to move his furniture into the building. (*Marder* v. *Heinemann*, 114 App. Div. 794.)

Clause 23 of the lease provides that upon the tenant paying the rent he may have peaceful and quiet enjoyment of the premises. It may be held that payment of the rent would be a condition precedent to the enforcement of this covenant for quiet enjoyment. But the plaintiff does not seek to recover damages for a breach of this covenant. He sues to recover damages caused by the defendants' unlawful act in detaining his goods until the rent in arrears was paid. Upon the evidence adduced in this action, he must succeed. Since the plaintiff concedes that forty-five dollars was due landlord as rent up to the time of the unlawful detention, the defendants' counterclaim will be allowed in that amount. The landlord, however, cannot recover the rent for the additional month, or part thereof, during which he refused the tenant the use of the elevators.

I find that plaintiff sustained damages in the sum of fifty dollars, representing the reasonable value of his attorney's services in the Magistrates' Court proceeding, from which is deducted the sum of forty-five dollars due for rent in arrears; and direct that judgment be entered in favor of the plaintiff for the balance of five dollars.