Henry A. Fabrycky, Inc., Appellant, *v.* Nad Realty Corp.,
Respondent.

Second Department, February 18, 1941.

*Harold A. Taft,* for the appellant.

*I. Nathanson* [*Alexander Boskoff* and *George A. Roland* with him
on the brief], for the respondent.

Carswell, J. The defendant owned a loft building with an
elevator therein which was used for both freight and passenger
service. It demised to plaintiff by a written lease the fourth
floor loft for use as a printing shop with various presses and
machinery. The lease contained no express covenant to furnish
elevator service and expired July 31, 1939.

Plaintiff made a contract in July, 1939, to have its machinery
dismantled and removed from the premises for $150. When the
machinery was ready for removal and at a time when plaintiff
had paid the July rent, the defendant refused the use of the elevator
to carry the fixtures from the fourth floor to the ground floor.
This refusal made necessary a more expensive method of removing
the fixtures by lowering them to the street through a window on
the fourth floor. The plaintiff brought an action for the additional
expense and was awarded damages of $125. The Appellate Term
reversed the judgment therefor and dismissed the complaint

because the lease did not contain an express covenant to furnish elevator service, citing *Jackson* v. *Paterno* (128 App. Div. 474). That case involved a failure by a landlord to supply sufficient heat to an apartment. The lease did not contain a covenant to furnish heat and the tenant did not act as upon an eviction.

We are not here concerned with an eviction or a breach of a covenant of quiet enjoyment. We have here a breach of an obligation by a landlord to permit a tenant to enjoy an *appurtenance* of demised premises. The general rule is that appurtenances reasonably essential to the enjoyment of demised premises pass as an incident to them unless specially reserved. (McAdam on Landlord and Tenant [5th ed.], vol. 1, p. 324, and cases cited; vol. 2, p. 1529, and cases cited; 36 C. J. § 632.) Here the elevator appurtenance was not specially reserved by the landlord. The fact that elevator service was not mentioned in the lease under the circumstances herein does not bar plaintiff's right to the enjoyment thereof. The defendant, of course, could have made reasonable regulations as to the time when the elevator might be used for such a purpose and proffered such use; but here all use was denied. The tenant was entitled to a reasonable use of the elevator as an appurtenance for ingress and egress to the fourth floor loft.

There is another applicable principle which is concordant. As the landlord assented to the tenant bringing the fixtures into the loft building via the elevator at the beginning or during the term, it must be deemed to have assented to their removal at the expiration of the term in the same manner. A refusal to allow the removal in that manner constituted a wrongful act for which, under long-settled doctrine, the landlord must respond in damages. (*Marder* v. *Heinemann*, 114 App. Div. 794; *Kelsey* v. *Durkee*, 33 Barb. 410.)

Defendant asserts that the damages were assessed on a wrong theory. The general rule or measure of damages in such a situation is the difference between the rental value of the premises with the use of the appurtenance or facility and the rental value without it. There is an exception to that rule, however, where one suffers, as did the tenant here, special damages which flow directly from the breach of an obligation reasonably within the contemplation of the parties when the premises were demised. The special damages here suffered come within that exception and were properly measured by the added expense of removing the fixtures by lowering them to the street through the window. (2 Clark, New York Law of Damages, § 738, and cases cited; *Beck* v. *Kauffman*, 26 Penn. Dist. Rep. 1; 36 C. J. §§ 651, 676.)

The complaint is deemed amended to conform to the proof.

The order of the Appellate Term should be reversed on the law and the facts, the judgment entered thereon vacated, and the judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.

LAZANSKY, P. J., HAGARTY, TAYLOR and CLOSE, JJ., concur.

Order of the Appellate Term reversed on the law and the facts, the judgment entered thereon vacated, and the judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.