■ 23 EAST 10 L.L.C., Formerly Known as CORBO COMPANY, et al., Respondents, v ALBERT APARTMENT CORP., Appellant. [937 NYS2d 217]—

The landlord's argument that the sidewalk hatch that accesses the basement portion of the premises is a "mere conve-

nience" and is "not essential" to its use as a restaurant is unavailing. As the motion court found, uncontroverted deposition testimony from the subtenant pizzeria's owner established that the daily use by the pizzeria of the hatch entrance for deliveries and garbage removal, and the added expense incurred by the pizzeria for extra worker hours needed due to the impractical and inconvenient use of the pizzeria's internal stairwell for all restaurant functions, established that the sidewalk access hatch to the basement, where the premises' kitchen and storage area is located, was a necessary appurtenance to the leasehold (*see Second on Second Café, Inc. v Hing Sing Trading, Inc.*, 66 AD3d 255, 267 [2009]). The landlord's further argument, that plaintiffs should be bound by their own unilateral mistake for not incorporating the hatch-use language from the 1994 modified commercial lease into the new proprietary lease, is unavailing. As the motion court appropriately found, the parties previously agreed to plaintiffs' use of the sidewalk hatch access and, unless specially reserved, the appurtenant right passes to the tenant along with the demised premises (*see Fabrycky, Inc. v Nad Realty Corp.*, 261 App Div 268, 269 [1941]). Further, plaintiffs continued to use the sidewalk hatch access for more than a year after the proprietary lease was executed, without interference from the landlord. Additionally, inasmuch as the premises was subleased continuously as a restaurant since the initial 1995 sublease was entered into, everything that was necessary to the use and enjoyment of the demised premises, and which had enabled the pizzeria to reasonably function, must be implied where it is not expressed in the lease (*see Second on Second Café, Inc.*, 66 AD3d at 256). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32970(U).]**