■ Nicole Disunno, Respondent, v WRH Properties, LLC, Appellant. [949 NYS2d 127]—

The plaintiff tenant commenced this action against the defendant landlord, inter alia, to recover damages for breach of a commercial lease.

The Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which alleges breach of an implied warranty of fitness for commercial purposes. "In the absence of fraud or of a covenant, a lessor does not represent that the premises are tenantable and may be used for the purpose for which they are apparently intended" (*Welson v*

*Neujan Bldg. Corp.*, 264 NY 303, 305 [1934]; *see Widmar v Healey*, 247 NY 94, 96 [1928]; *Edwards v New York & Harlem R.R. Co.*, 98 NY 245, 247 [1885]). The implied warranty of habitability applies only to residential lease space (*see* Real Property Law § 235-b; *Rivera v JRJ Land Prop. Corp.*, 27 AD3d 361, 365 [2006]; *Polak v Bush Lbr. Co.*, 170 AD2d 932 [1991]).

However, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, fourth, and fifth causes of action. Contrary to the defendant's contention, the complaint sufficiently alleges a cause of action to recover damages for breach of the covenant of quiet enjoyment caused by an actual partial eviction (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-84 [1970]; *23 E. 10 L.L.C. v Albert Apt. Corp.*, 91 AD3d 573, 574 [2012]; *Second on Second Café, Inc. v Hing Sing Trading, Inc.*, 66 AD3d 255, 267-272 [2009]). The defendant's contention that the plaintiff has no claim for damages for breach of the covenant of quiet enjoyment because the plaintiff's refusal to pay rent constitutes an election of remedies is improperly raised for the first time in the defendant's reply brief on the appeal (*see Dune Deck Owners Corp. v JJ & P Assoc. Corp.*, 71 AD3d 1075, 1077 [2010]). The complaint's allegations are also sufficient to state causes of action to recover damages for private nuisance (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569-571 [1977]) and for breach of paragraphs 25 and 42 (a) of the subject lease. Further, contrary to the defendant's contention, the terms of the subject lease do not conclusively establish a defense to the asserted claims as a matter of law (*see* CPLR 3211 [a] [1]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.