MORRIS WELSON, Respondent, *v.* NEUJAN BUILDING CORPORATION, Appellant.

(Submitted April 26, 1934; decided May 22, 1934.)

*Leo F. Potts* and *Daniel Mungall* for appellant. There was no duty on the defendant to repair the premises. (*Sticker* v. *Seril Realty Corp.*, 232 App. Div. 768; *Hollman* v. *Kayell Realty Co.*, 120 Misc. Rep. 546; *Kushes* v. *Ginsburg*, 99 App. Div. 417; 188 N. Y. 630; *Silverman* v. *Isaac*, 183 App. Div. 542; *Frank* v. *Mandel*, 76 App. Div. 413; *Schick* v. *Fleischhauer*, 26 App. Div. 210; *Freiot* v. *Jacobs*, 209 App. Div. 334; *Golob* v. *Pasinsky*, 178 N. Y. 458; *Marks* v. *Nambil Realty Co.*, 245 N. Y. 256; *Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Jaffe* v. *Harteau*, 56 N. Y. 398.) No negligence on the part of the defendant was shown. (*Samuels* v. *Terry Holding Co.*, 227 App. Div. 68; 253 N. Y. 593; *Kraus* v. *Wolf*, 253 N. Y. 300.)

*William Glatzer, Julius L. Rosenthal* and *Joseph L. Shankey* for respondent.

O'BRIEN, J. Plaintiff, who leased from defendant the premises occupied by him as a tailor shop, slipped on a wet spot on the floor near the entrance and sustained personal injuries. The jury could infer from the evidence that the bottom of the door was one-half to three-quarters of an inch above the top of the sill and that water, which had been used by an employee of defendant in flushing the sidewalk, entered the shop through this aperture. The asserted right of action is based upon allegations that the building and store were so negligently and carelessly constructed and negligently maintained by defendant that the threshold entrance and doorstep entrance were in a defective and unsafe condition and that defendant had notice of such defect. The complaint also alleges that the washing of the sidewalk by defendant's employee was performed in such a

negligent manner as to cause a puddle to form on the floor of the shop.

Assuming careless construction and negligent maintenance of the door and sill, the failure to keep the premises in repair must, under the terms of the lease, be attributed to plaintiff. If the landlord had notice of defective construction, so had the tenant. Indeed, he had actual knowledge, for he testified concerning complaints made by him in relation to the condition of the door. Pursuant to the lease, " the tenant shall and will keep said premises in good order and repair during the term aforesaid." In view of this covenant, the refusal to charge that there was no duty upon defendant to repair the door or the door sill or to alter the space between the door and the door sill constitutes error. In the absence of fraud or of a covenant, a lessor does not represent that the premises are tenantable and may be used for the purpose for which they are apparently intended. (*Steefel* v. *Rothschild*, 179 N. Y. 273, 277; *Widmar* v. *Healey*, 247 N. Y. 94, 96.) Not only is there no covenant by the lessor and no evidence of fraud in the letting of the premises, but there is an assumption of liability by the tenant to keep them in repair. His injury may be directly traced to his failure to perform that obligation. The lessor was out of possession and, even if he made and broke a promise to remedy a defect, he is not liable in tort at the suit of his lessee. (*Cullings* v. *Goetz*, 256 N. Y. 287; *Lafredo* v. *Bush Terminal Co.*, 261 N. Y. 323.)

The lease also provides that the tenant will keep the sidewalk clean and in good condition. Plaintiff testified that many times he cleaned the walk and an issue of fact arose from conflicting evidence whether, on the occasion of the washing which immediately preceded plaintiff's injury, the work which was then performed by defendant's employee was at the direction of defendant or by request of plaintiff. What effect the evidence

relating to washing the walk and the submission of that issue to the jury may have had upon the verdict is impossible to determine. Certainly the ruling in respect to defendant's duty to alter the space beneath the door requires a reversal.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to appellant in all courts to abide the event.

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.