JENNIE ANTONSEN et al., Respondents, v. BAY RIDGE SAVINGS BANK, Appellant.

Second Department, May 17, 1943.

*Clarence S. Zipp* and *J. Austin Lyons* for appellant.

*Harry Elegant* and *Bernard Meyerson* for respondents.

*Per Curiam.* Plaintiffs sue upon three alleged causes of action. The first and second, respectively, are for recovery of damages for personal injuries sustained by the plaintiff wife

and for damages sustained by the plaintiff husband by reason of loss of services and for expenses. As pleaded, those causes of action are founded upon a claim of defendant's negligence. The third cause of action is on behalf of the plaintiff wife and is based upon a claim of nuisance for which allegedly defendant was responsible.

From 1937, plaintiffs were monthly tenants of defendant in a two-family house in the borough of Brooklyn, city of New York, their month beginning on the fifteenth. The premises consist of a store on the ground floor and an apartment on each of the two upper floors. Plaintiffs occupied the apartment immediately over the store. Concededly the building was not within the purview of the Multiple Dwelling Law or Tenement House Law; and the rights of the parties exist only in accordance with the common law. On March 18, 1940, three days after the renewal of such tenancy, the ceiling in the kitchen of plaintiffs' apartment fell and injured the plaintiff wife. There was evidence that the ceiling was progressively defective from December, 1939, to the time of its fall. The learned Trial Justice dismissed the first cause of action. He submitted to the jury the issues arising upon the third cause of action thus based on a claim of nuisance, and the issues arising upon the second cause of action, as if the latter were so based, without any objection of want of pleading. The jury found a verdict for plaintiffs, upon which judgment was duly entered. Defendant appeals therefrom.

The Trial Justice, in effect, charged that the plaintiffs were tenants in a building which was not a multiple dwelling or otherwise covered by statute. The verdict was contrary to law, for the plaintiffs, with rights only in accordance with the common law, established no cause of action against the defendant on any theory. (*Jaffe* v. *Harteau,* 56 N. Y. 398, 401; *Kilmer* v. *White,* 254 N. Y. 64, 69; cf. *Cullings* v. *Goetz,* 256 N. Y. 287, 291.) Here the claimed nuisance did not relate to a building or place used by the public or a large number of persons. Only such a nuisance is actionable. (*Bronheim* v. *Kelleher,* 257 App. Div. 849; *Campbell* v. *Holding Co., Inc.,* 251 N. Y. 446; Restatement, Torts, § 359.) Authorities upon which respondents rely, considered in the light of the peculiar facts presented in each, and properly read, are not in conflict with our ruling.

The judgment appealed from should be reversed on the law, with costs, and the complaint dismissed on the law, with costs. The findings of fact implicit in the verdict are affirmed.

CARSWELL, JOHNSTON, ADEL, TAYLOR and LEWIS, JJ., concur.

Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs.

The findings of fact implicit in the verdict are affirmed.