ROSA BRUSZACZYNASKA, Respondent, v. SELMA RUBY, Appellant.

First Department, March 24, 1944.

*Arthur N. Blair* of counsel (*E. C. Sherwood,* attorney), for appellant.

*Max Tachna* of counsel (*Myron Goldman,* attorney), for respondent.

DORE, J. The issue is the common-law tort liability of the lessor of a private dwelling to the lessee's employee for injuries occurring on the premises after the lessee was in possession and control.

By written lease dated May 15, 1941, plaintiff's employer rented from defendant owner part of a private dwelling at Long Beach, Nassau County, N. Y., for the summer season from July 1 to October 31, 1941. Under the lease, defendant landlord agreed that the premises would be delivered in good repair, but the lease provided that after the beginning of the term " all

interior repairs shall be made by the tenant ''. The tenant, plaintiff's employer, had leased the same premises the previous year and plaintiff, tenant's maid, had occupied the premises with her employer during that entire season and up to December, 1940.

The kitchen, in that part of the dwelling leased to the tenant, contained a cabinet or cupboard for china and glassware with a door opening outward. At 7:00 P. M. on July 1, 1941, the very day possession was taken under the lease, plaintiff, acting under her mistress's instruction, opened the cupboard door to put some glasses into the cabinet. A chain, used to prevent the door from swinging wide open, broke allowing the door to strike the glass globe of an adjacent light fixture, which broke and fell on plaintiff causing her injuries. The trial court without a jury held that the credible evidence established that a dangerous condition due to defendant's negligence existed and gave plaintiff judgment of $650 against defendant landlord.

The property being a private dwelling, the case is governed by the common law; the Multiple Dwelling Law has no application. When the accident happened on July 1st, the lessee, not defendant lessor, was in possession and control. At common law the general rule is that the lessor is not liable in tort at the suit of one on the premises in the right of the lessee, after the lessee has taken possession, for personal injuries occurring by reason of a defect or unsafe condition of the demised premises and this rule applies even if the lessor has agreed to make necessary repairs. (*Cullings* v. *Goetz*, 256 N. Y. 287, 290–291; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Sterger* v. *Van Sicklen*, 132 N. Y. 499; *Kushes* v. *Ginsberg*, 188 N. Y. 630; *Schick* v. *Fleischhauer*, 26 App. Div. 210 [1st Dept.] ; *Schaaf* v. *Rochester Trust & Safe Deposit Co.*, 259 App. Div. 783 [4th Dept.] ; *Solomon* v. *Brooklyn Cornell Utilities, Inc.*, 265 App. Div. 886 [2nd Dept.] ; 4 Shearman and Redfield on Negligence [Rev. ed.] §§ 786–788; 4 Thompson on Real Property [Perm. ed.] §§ 1555, 1566.) As was said in *Cullings* v. *Goetz* (*supra*): '' Liability in tort is an incident to occupation or control. * * * By preponderant opinion, occupation and control are not reserved through an agreement that the landlord will repair.''

To this general rule there are exceptions. The owner may be liable when unsuitable premises are leased for the use of the public or a nuisance exists on the premises, making it a menace to the passerby or the adjoining owner (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404, 408) ; or the lessor is guilty of fraud or conscious deception, preventing the lessee from

learning of concealed defects by making a proper inspection (*Kilmer* v. *White,* 254 N. Y. 64, 71); or where part of the building is in the lessee's possession and the dangerous condition is in the ways or other parts retained by the lessor (*Dollard* v. *Roberts,* 130 N. Y. 269; *Kilmer* v. *White, supra,* at p. 68; *Cullings* v. *Goetz, supra,* at p. 294). In multiple dwellings the landlord's liability has been extended by statute. (Multiple Dwelling Law, § 78.)

We think none of these exceptions applies to this case. The property was a private house not governed by the Multiple Dwelling Law or otherwise covered by statute. The allegedly dangerous condition or defect concededly, on plaintiff's own proof, was not in the part of the premises retained by the lessor. At the time of the injury, the lease required the tenant in possession to make all interior repairs. Assuming that the lessor made and broke the promise to deliver the premises in good repair, she is not liable in tort at the suit of one on the premises in the right of the lessee for injuries occurring after possession has passed to the lessee. (*Welson* v. *Neujan Building Corp.,* 264 N. Y. 303, 305.) In *Vousden* v. *United Cities Realty Corp.* (194 App. Div. 26) the court formulated the rule as follows: " In the absence of the element of public use or public danger, or risk to adjoining property, the lessor who rents property then in disrepair is bound merely on the implied covenant of quiet enjoyment (*Fifth Avenue Building Co.* v. *Kernochan,* 221 N. Y. 370, 376), and is not answerable in damages for the defects of the rented property to the tenant, subtenant, or to one like this plaintiff who forms part of the tenant's family."

That the accident happened on the evening of the very first day after the lessee had taken possession does not, under the facts here shown, change the applicable rule. No claim is made of fraud or conscious concealment of any dangerous condition known to the lessor and not ascertainable by the lessee on reasonable inspection. Nor is any claim made that the lessee was prevented from making a proper inspection either before the lease was executed on May 15th or before the term commenced on July 1, 1941. Indeed both this tenant and plaintiff, her maid, who was injured, had occupied the very same premises during the prior summer season and used the same cupboard with the door and chain attached, until December, 1940. The construction of the door, the chain and the adjacent globe were obvious to plaintiff and her employer as well as to defendant. As we see it, plaintiff is not without remedy but, on the facts disclosed, it is not against this defendant.

In *Kilmer* v. *White* (*supra*) the plaintiff, a tenant, was injured when a rotten railing on a piazza broke, causing plaintiff to fall to the ground. There was some evidence that the tenant had permitted the landlord and her employees to pass over the piazza to reach the roof conveniently. Defendant, the former owner, had conveyed the premises three days before the accident. The Court of Appeals reversed a judgment in plaintiff's favor and ordered a new trial on the issue whether the prior landlord had consciously concealed defects involving unreasonable risks, known to her and unknown to her vendee, and prevented the vendee from learning thereof by making a proper inspection. No such claim is made here and no proof adduced to support it. The *Kilmer* case (*supra*) did not purport to change but reiterated the settled rule as follows: " One's liability in negligence for the condition of land ceases when the premises pass out of one's control before injury results. Such is the general rule."

The rule and the authorities were carefully considered in an opinion by CARDOZO, Ch. J., in *Cullings* v. *Goetz* (*supra*) where the landlord had agreed to make repairs. The court said: " As often as the question has been squarely up, the answer has been consistent that there is no liability in tort. Some of the decisions rejecting liability are judgments of this court (*Kushes* v. *Ginsberg,* 188 N. Y. 630, affg. 99 App. Div. 417; *Sterger* v. *Van Sicklen,* 132 N. Y. 499; cf. *Reynolds* v. *Van Beuren,* 155 N. Y. 120, 125; *Wolf* v. *American Tract Soc.,* 164 N. Y. 30, 35; *Golob* v. *Pasinsky,* 178 N. Y. 458, 461). Others too many to be fully numbered, are in courts of intermediate appeal (*Schick* v. *Fleischhauer,* 26 App. Div. 210; *Frank* v. *Mandel,* 76 App. Div. 413, 417; *Stelz* v. *Van Dusen,* 93 App. Div. 358; *Boden* v. *Scholtz,* 101 App. Div. 1, 2; *Pernick* v. *Central Union Gas Co.,* 183 App. Div. 543). The doctrine, wise or unwise in its origin, has worked itself by common acquiescence into the tissues of our law. It is too deeply imbedded to be superseded or ignored. Hardly a day goes by in our great centers of population but it is applied by judges and juries in cases great and small. Countless tenants, suing for personal injuries and proving nothing more than the breach of an agreement, have been dismissed without a remedy in adherence to the authority of *Schick* v. *Fleischhauer* and *Kushes* v. *Ginsberg.* Countless visitors of tenants and members of a tenant's family have encountered a like fate." The court further said *Kilmer* v. *White* " does not suggest even remotely a purpose to establish a new rule."

This common-law rule, we realize, appears harsh, but we did not make it; it is the settled law of this State, and in view of the decisions of the Court of Appeals we have no power to change it. If the rule is to be changed, it should be by legislative not judicial action. *Stare decisis* applies.

*Antonsen* v. *Bay Ridge Savings Bank* (292 N. Y. 143) does not require a contrary finding here. In that case the Appellate Division of the Second Department had affirmed the findings of fact implicit in a jury's verdict but unanimously reversed the judgment in plaintiffs' favor and dismissed the complaint (266 App. Div. 164). The Court of Appeals held that under the charge of the Trial Justice, made at defendant's request (which had become the law of the case), there was implicit in the jury's verdict a finding that possession and dominion of the premises was not exclusive and complete in the tenant but reserved to defendant landlord such measure of control as permitted defendant to make necessary repairs. There was also repeated actual notice of the defect in the ceiling before the accident and repeated assurance by the owner it would be repaired. Such facts affirmed by the Appellate Division were conclusive on the Court of Appeals which reversed and reinstated the jury's verdict. The opinion in the Court of Appeals cites *Cullings* v. *Goetz* and does not purport to overrule it. Here, there was no such reservation of control; at the time of the accident the tenant in possession under this lease was required by its express terms to make all interior repairs; no actual notice is claimed, and the defect was not in that part of the premises retained by the lessor.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

TOWNLEY, J. (dissenting). The rule established by *Cullings* v. *Goetz* (256 N. Y. 287) is not applicable. That rule is based upon the assumption that the landlord is out of possession and that liability in negligence must be predicated upon possession and control. In this case surrender by the landlord, possession by the tenant and the accident all occurred on the same day. The defect was known to the landlord and unknown to the tenant. The surrender by the landlord had been so recent in point of time that it cannot reasonably be said that she had so completely divorced herself from control of the premises as to relieve her from liability for hidden defects. (*Kilmer* v. *White,* 254 N. Y. 64.)

The judgment should be affirmed.

GLENNON and UNTERMYER, JJ., concur with DORE, J.; TOWNLEY, J., dissents in opinion in which MARTIN, P. J., concurs.

Judgment reversed, with costs, and the complaint dismissed, with costs. Settle order on notice. [See *post*, p. 975.]