Alexander W. Kramer, J.
This is a proceeding brought by petitioner to recover possession of premises known as 60 Lowndes Avenue, Huntington Station, N. T.
The petition alleges rent amounting to $48 due and unpaid for the month of April, 1967, and rent at $175 per month due for each of the months of May, June and July, 1967.
Respondent, a recipient of public welfare, pleads section 143-b (subd. 5 par. [a]) of the Social Welfare Law* as a complete defense to the proceeding.
The premises, a single-family dwelling, were rented furnished to the respondent on a month-to-month basis as of November 1, 1966. The petitioner indicated that he and his family had *760 occupied the facilities up to that time; that, as of the date of rental, the premises were in good condition — free of violations.
Respondent offered two witnesses in his behalf. The first was Robert J. Slater, an employee of the Department of Services of the County of Suffolk. He testified that he had directed the suspension of the payment of rent because of alleged violations of the Housing Code of the Town of Huntington.
The other witness was Roy M. Bunce, an employee of the Housing Department of the Town of Huntington. He testified that complaints of alleged violations were filed with his office in the early part of May, 1967; that on May 5, 1967, the premises were inspected; that on May 8, 1967, the Building Department rendered a report indicating specified violations of the Housing Code; that there were re-inspections on August 12, 1967, and August 30, 1967 —at which time no changes were found; no new violations observed. The trial was held on August 31, 1967.
The alleged faults indicated the following violations, the sections cited being the stated sections of the Housing Code:
1. 200.2 No railing on the porch steps; railing and columns of porch broken, etc.
2. 200.3 Windows broken; panes of glass damaged or completely missing; front door broken.
3. 210.1 Cellar flooded with water.
4. 210.6 No water resistant material on bathroom floor.
5. 210.5 Holes in plaster of ceiling and walls.
6. 210.7 Garbage and debris on property.
7. 210.8 Premises cockroach infested.
8. 220.1 Plumbing fixtures .broken, nonoperative, and — in some instances —torn from the wall.
9. 230.6 Electrical fixtures hanging loose — wires exposed.
'Sections 100.2 and 100.3 of the Housing Code of the Town of
Huntington set forth the legislative finding of fact and purpose of the ordinance — the former to prevent deterioration of housing facilities leading to the possible creation of slum and blighted area; the latter; as an exercise of police power to curtail and prevent such from coming into being.
The ordinance may be enforced against the owner of the premises, his agent, the operator or occupant thereof “ as the case may require.” (§ 300.4).
The relief sought by the affirmative defense is drastic. Not only may the owner be precluded from collecting rent in arrears — he may also be precluded from maintaining a summary dispossess proceeding for nonpayment thereof.
The premises under consideration constitute a single-family unit. There is nothing, absent a contractual obligation of some *761 sort, mandating the owner to make repairs — save for the Housing ordinance of the Town of Huntington, insofar as it may be applicable.
Section 78 of the Multiple Dwelling Law compels the owner to keep “ every multiple dwelling, including its roof or roofs,” etc., in good repair.
Prior to the enactment of that section there was no such duty. (Bruszaczynaska v. Ruby, 267 App. Div. 539; Emigrant Ind. Sav. Bank v. 108 W. 49th St. Corp., 255 App. Div. 570; Davar Holdings v. Cohen, 255 App. Div. 445; Rubinger v. Del Monte, 217 N.Y.S. 2d 792; Schauf v. City of New York, 23 Misc 2d 585.)
In enacting 143-b of the Social Welfare Law, the Legislature indicated, as part of the declaration of the purpose and necessity for the legislation: “ The legislature hereby finds and declares that certain evils and abuses exist which have caused many tenants, who are welfare recipients, to suffer untold hardships, deprivation of services and deterioration of housing facilities because certain landlords have been exploiting such tenants by failing to make necessary repairs and by neglecting to afford necessary services in violation of the laws of the state.” (L. 1962, eh. 997, § 1. Emphasis supplied.)
The testimony adduced at the trial indicated that the premises were free of any violations when let in November, 1966.
The proof offered by the respondent indicated violations as of May 8, 1967 — continuing through August 12 and August 30, 1967. Nothing reflected upon the existence thereof in November, 1966.
Sections 260.1, 260.2, 260.3 and ,260.4 mandate the occupants with keeping the premises clean and sanitary; the use of proper care and cleanliness in the use of all plumbing fixtures, etc.; the disposal of garbage; and the extermination of rodents, vermin and other pests.
Where an owner, as here, leases premises free from violations to a tenant; where, as here, violations occur as the result of the tenant’s misuse, rather than mere use, of the premises — it seems —do this court — that it would be grossly unfair to deny the owner the right to collect rents and the right to dispossess. Inherent in 143-b of the Social Welfare Law is the philosophy that the owner is responsible for the conditions complained of. One should not profit from his wrongdoing; nor, conversely, should be penalized for the misdeeds of others.
The party asserting the defense has the burden of proof. The respondent herein failed to meet that burden.
Judgment is directed awarding possession to the petitioner, as well as for the rent in arrears as alleged in the petition.

 Renamed Social Services Law by L. 1967, eh. 728, eff. July 1, 1967. [Rep.