**Handley v BH Props. NYC, LLC**

2024 NY Slip Op 31019(U)

March 26, 2024

Supreme Court, New York County

Docket Number: Index No. 150038/2022

Judge: Richard G. Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD LATIN**                    PART   46M

*Justice*

-------------------------------------------------------------------------------X

STEPHANIE HANDLEY and JOHN J. SAYERS III,

                Plaintiffs,

               - v -

BH PROPERTIES NYC, LLC, 353 WEST 51ST ST., LLC,

                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150038/2022 |
| **MOTION DATE** | 07/05/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 64, 65, 67, 68

were read on this motion to/for            JUDGMENT - SUMMARY         .

In this residential landlord-tenant action, defendants BH Properties NYC, LLC ("BH Properties") and 353 West 51st St., LLC ("353 West") move for an order (a) striking plaintiffs' first, second, third, fourth, and fifth causes of actions contained in the complaint pursuant to CPLR 3211 (b)[1] and 3212; (b) granting defendants summary judgment pursuant to CPLR 3212 (b) on the defenses and counterclaims contained in the answer; (c) entering a money judgment against plaintiffs for all rent and/or use and occupancy owed through the date this motion is heard, together with interest; (d) directing plaintiffs' attorneys to release the rent and/or use and occupancy payments held in escrow to the landlord forthwith, with such sums believed to be in the amount of $43,768.35 to date, and such other sums that are received through the date the motion is heard; and (e) awarding defendants attorneys' fees pursuant to the lease between plaintiffs and

---

[1] If a defendant purports to seek dismissal of a complaint or part of it under CPLR 3211 (b), the court can disregard the mislabeling and treat the motion as made under CPLR 3211 (a), provided that specific subdivision (a) grounds upon which defendant is relying are clear from the moving papers, and the plaintiff is not prejudiced by the mislabeling (*see* CPLR 2001).

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**        **Page 1 of 15**
**Motion No.  003**

defendants. Plaintiffs Stephanie Handley and John J. Sayers, III opposed, and defendants submitted a reply. For the reasons set forth below, defendants' motion is granted in its entirety.

**Factual Background and Procedural History**

BH Properties is the landlord and lessor of the building located at 353 West 51st St, New York, New York (NY St Cts Elec Filing [NYSCEF] Doc No. 37, Complaint, ¶ 3). 353 West is the owner of the building (*id.*, ¶ 4). Plaintiffs are tenants and rent Unit 2B (the "Subject Unit") in the building (*id.*, ¶ 5). Plaintiffs alleged they took possession of the subject unit in April of 2005 as rent stabilized tenants pursuant to a written lease (*id.*, ¶ 6). Plaintiffs have paid the rent for every month they have been in possession from April of 2005 (*id.*, ¶ 8). The subject unit is a duplex apartment that was constructed by defendants (*id.*, ¶ 9). To create the duplex apartment, defendants took space in the cellar and incorporated it into the subject unit (*id.*, ¶ 10). Plaintiffs live in the subject unit with their children and dog (*id.*, ¶ 13). Defendants served plaintiffs with a notice to cure alleging that plaintiffs violated their lease by having their dog (*id.*, ¶ 16). Plaintiffs claim the subject unit is illegal and does not appear on the certificate of occupancy for the building in its present form (*id.*, ¶¶ 25-29). They further claim the subject unit is rent stabilized (*id.*, ¶¶ 30-34).

Plaintiffs commenced a declaratory action against defendants. Their first cause of action demands a declaratory judgment determining and adjudging that the subject unit is an illegal apartment (*id.*, ¶¶ 35-42). The second cause of action demands an injunction directing defendants to legalize the subject unit (*id.*, ¶¶ 43-49). The third cause of action demands a declaratory judgment that the subject unit is a rent stabilized apartment (*id.*, ¶¶ 50-55). The fourth cause of action demands a declaratory judgment that the notice to cure is a nullity that cannot be used as the predicate to a lawsuit (*id.*, ¶¶ 43-48). The fifth cause of action demands a judgment against defendants for attorney's fees for no less than $20,000.00 (*id.*, ¶¶ 49-50).

[* 2]

Defendants filed an answer with counterclaim raising seven affirmative defenses and three counterclaims (NYSCEF Doc No. 56, Answer). The first affirmative defense alleges that plaintiffs' complaint is barred by the principles of res judicata and/or collateral estoppel (*id.*, ¶ 1). The second affirmative defense alleges defendants mistakenly issued plaintiffs rent stabilized leases and mistakenly registered the subject unit as stabilized with the Division of Housing and Community Renewal (*id.*, ¶ 11). The subject unit is exempt from rent regulation by reason of high rent vacancy in accordance with RSL § 26-504.2 (a) (*id.*, ¶ 12). Plaintiffs entered into possession pursuant to a REBNY standard form of apartment lease dated April 22, 2005, with a rent charged in the amount of $2,400.00 per month, in excess of the deregulation threshold in effect at the time (*id.*, ¶ 13). The third affirmative defense alleges plaintiffs have unclean hands and demanded relief in bad faith (*id.*, ¶¶ 19-21). The fourth affirmative defense alleges that plaintiffs' claims are disproven by documentary evidence (*id.* ¶ 22). The building contains a certificate of occupancy dated November 15, 1984, which states that the cellar contains a "storage and recreation room access to apartment above; no sleeping" (*id.*, ¶ 23). The subject unit is not illegal because the certificate of occupancy details the basement apartment's access to the cellar storage and recreation area (*id.*, ¶ 24). The fifth affirmative defense alleges that plaintiffs' fourth cause of action is moot as plaintiffs' counsel was previously notified that the allegations contained in the Notice to Cure would not be further pursued (*id.*, ¶¶ 27-35). The sixth affirmative defense alleges that plaintiffs' first and second causes of action related to alleged conditions to the subject unit, for which the Housing Part of the Civil Court of the City of New York is the preferred forum for resolution (*id.*, ¶¶ 36-39). The seventh affirmative defense alleges plaintiffs' claims are barred by statute of limitations (*id.*, ¶ 40). In their first counterclaim, defendants are seeking a declaratory judgment finding that plaintiffs are not subject to Rent Stabilization Law and Code (*id.*, ¶ 47). As to the second counterclaim, defendants

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**
**Motion No.  003**

**Page 3 of 15**

are seeking a monetary judgment against plaintiffs for reimbursement of attorney's fees and costs not less than $50,000.00 (*id.*, ¶ 53). As for the third counterclaim, defendants demand a money judgment against plaintiffs for reasonable compensation for the use and occupation of the apartment through the duration of this action or vacant possession of plaintiffs' apartment (*id.*, ¶¶ 54-57).

**Parties' Contentions**

**Defendants' Motion**

Defendants contend that plaintiffs' first and second causes of action should be dismissed because the subject unit is not illegal (NYSCEF Doc No. 52, Memorandum of Law in Support, Noah E. Levenson, Esq. (memo), at 7). The certificate of occupancy dated November 15, 1984, and the approved plans for the certificate of occupancy filed with the Department of Buildings make it clear that the subject unit is not contrary to the certificate of occupancy (*id.*). Plaintiffs are using the subject unit contrary to the certificate of occupancy by using the cellar recreational space for a children's bedroom (*id.*). Plaintiffs cannot benefit from misuse that they caused (*id.*).

With their moving papers, defendants submitted the affidavit of Billy Chen, a licensed architect ("Chen Affidavit") (NYSCEF Doc No. 36). Chen concluded that the current layout of the subject unit conforms to the certificate of occupancy (*id.*, ¶ 11). A certificate of occupancy is used to verify the number of apartment units on each floor, together with any other accessory use for the building on that floor. A certificate of occupancy does not define the size of an apartment unit or the size of the accessory space (*id.*, ¶ 12). The certificate of occupancy states that the recreation room cannot be used for sleeping (*id.*, ¶ 13). Plaintiffs' allegation in the complaint that the owner illegally created a duplex apartment, or that the subject unit is not on the certificate of occupancy is plainly contradicted by the certificate of occupancy, which states that the recreational space is

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**
**Motion No.  003**                                                                                          **Page 4 of 15**

4 of 15

connected to the above residential apartment on the basement level (*id.*). Chen confirmed that the shower in the cellar is unlawful, however, the existence of the shower did not render the entire unit unlawful or in violation of the certificate of occupancy (*id.*, ¶ 14). According to Chen, plaintiffs' use of the subject unit is unlawful and contrary to the certificate of occupancy (*id.* ¶ 16). The certificate of occupancy states "no sleeping," and the tenant's unlawful use of the cellar for sleeping purposes is a violation of occupancy (*id.*).

Defendants argue that plaintiffs' third cause of action must be stricken because they discontinued their claims of rent regulation in the prior DHCR proceeding, thus the claims are barred by res judicata (NYSCEF Doc No. 52., at 9). Additionally, the subject unit was erroneously registered as rent stabilized. Lastly, the subject unit was deregulated because of high rent vacancy prior to commencement of plaintiffs' tenancy (*id.*, at 11). Plaintiffs entered possession of the subject unit pursuant to an exempt lease dated April 22, 2005, at a rent of $2,400 per month, more than the deregulation threshold in effect at the time (*id.*, at 14). Plaintiffs had until April 22, 2009, to challenge the vacancy lease rent in the amount of $2,400.00 but failed to do so (*id.*). Plaintiff may not in 2021 challenge the registered rent of 1998 in the amount of $1,962.00, and the registered rent in 1999 which was in excess of the deregulation threshold in effect at the time (*id.* at 15).

**Plaintiffs' Opposition**

In opposition, plaintiffs failed to oppose defendants' arguments in support of the dismissal of the third, fourth, and fifth causes of action. They first contend that defendants' failure to submit a statement of facts is a violation of 22 NYCRR 202.8-g and should result in the automatic denial of the motion (NYSCEF Doc No. 54, Affirmation in Opposition of Joshua C. Price, Esq. (opp aff), *id.*, at 4). They further state that when a party fails to provide a response to the statement of

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**                Page 5 of 15
**Motion No.  003**

5 of 15

material facts that the factual assertions made in a plaintiff's statement of material facts are deemed admitted (*id.*, at 2). Second, plaintiffs contend that the subject unit is illegal because (a) the door from the Cellar to the Existing Storage area does not bear a fire label and the closing device does not fully close the door; (b) the ducted ventilation for the kitchenette on the basement level has been sealed, eliminating the mechanical means of exhaust which the drawings submitted by defendants required; (c) there is stacked laundry washer and dryer in a closet next to the kitchenette – and there is no associated plumbing permit for the washer and dryer; (d) there is a shower in the bottom of the unit that was installed by defendants illegally; (e) the requirement for natural light for Habitable Rooms is not satisfied; (f) no means of mechanical ventilation were observed and the single window in the Recreation Room, which is a double hung window, does not satisfy the requirements for natural ventilation for Occupiable Rooms; (g) the exterior court does not have any means of egress which is contrary to the drawings; (h) the exterior court does not have proper lightings as was required by the drawings; and (i) there are open violations with HPD in respect to the exterior court and the cellar ceiling (*id.*, at 4-5). Lastly, plaintiffs claim defendants' motion was made without the aid of discovery and therefore should be denied (*id.*, at 5).

Additionally, plaintiffs submitted the affidavit of Daniel K. Henkel, a licensed architect ("Henkel Affidavit") (NYSCEF Doc No. 56). Henkel checked the property on NYC Housing Preservation & Development's website, which has three violations listed (*id.*, ¶ 17). Two of the violations are related to the exterior of the building and one violation is related to the Cellar ceiling (*id.*).

**Defendants' Reply**

Defendants contend that the only issue of fact plaintiffs raise is whether the subject unit is legal (NYSCEF Doc No. 64, Memorandum Reply of Stephane J. Avouac, Esq. (reply memo), at

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**          **Page 6 of 15**
**Motion No.  003**

6 of 15

3). This argument only opposes defendants' motion seeking dismissal of the first and second causes of action (*id.*). Additionally, plaintiffs' opposition fails to oppose the portion of defendants' motion seeking an order directing plaintiffs' attorneys to release the rent and/or use and occupancy payments held in escrow (*id.*). Defendants argue that the Henkel affidavit does not rebut Chen's findings that the subject unit has a valid certificate of occupancy, and merely raises potential HPD violations (*id.*, at 5). Defendants do not have the ability to cure the alleged illegality, because plaintiffs' use of the unit's recreational room for sleeping purposes is the basis of the illegality (*id.*, at 4).

As to plaintiffs' arguments regarding 22 NYCRR 202.8-g, defendants argue that it is only where a statement of facts was submitted in support of a motion for summary judgment by the moving party, and not opposed by the non-moving part, that the facts alleged by the moving party are deemed admitted by the non-moving party (*id*, at 6). They further contend that plaintiffs have not presented any precedential support for the proposition that failure to provide a statement of facts in support of its motion created an admission of facts by the moving party (*id.*). They additionally argue that a moving party's failure to include a statement of material facts pursuant to 22 NYCRR 202.8-g (2) does not render a motion procedurally defective for three reasons: (i) 22 NYCRR 202.8-g (a) does not require that a motion be denied for failing to comply; (ii) the court should disregard a defect in the form of papers, if a substantial right of a party is not prejudiced to CPLR 2101 (f) and 2001; and (iii) the court in an action may waive compliance with 22 NYCRR 202.8-g pursuant to 22 NYCRR 202.1 (*id.*, at 6-7).

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**               **Page 7 of 15**
**Motion No.  003**

7 of 15

## Discussion

### A. Defendants' Motion is Not Defective

At the outset, plaintiffs argue that defendants failed to submit a statement of undisputed material facts, therefore their motion should be denied as procedurally defective pursuant to 22 NYCCRR 202.8-g (a). However, the absence of a separate statement of undisputed material facts is not fatal to a motion for summary judgment. Pursuant to 22 NYCRR 202.8-g (a), the court is afforded with discretion as to whether such statement is required. This court declines to deny the motion on the procedural basis of defendants' failure to include a statement of undisputed material facts and will resolve this matter on its merits (*see* 22 NYCRR 202.8-g [e]).

### B. Plaintiffs' Rent Regulation Cause of Action is Not Barred by Res Judicata

Defendants' claim the DHCR Order should be given a preclusion effect (*see* NYSCEF Doc No. 52, at 8-9). "Res judicata, or claim preclusion, precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties, involving the same subject matter; the doctrine applies even if the later claim is based on a different theory or seeks a different remedy, so long as it arises out of the same transaction" (*Martinez v JRL Food Corp.*, 194 AD3d 488, 488 [1st Dept 2021], citing *Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]). Under res judicata or claim preclusion, "a valid final judgment bars future actions between the same parties on the same cause of action" (*Shah v 20 E. 64th St., LLC*, 198 AD3d 23, 39 [1st Dept 2021], quoting *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347-348 [1999]). The DHCR order terminating the proceeding, cannot be construed to be the kind of final judgment for res judicata purposes as the complaint was withdrawn (*see* NYSCEF Doc No. 48).

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**          **Page 8 of 15**
**Motion No.  003**

8 of 15

## C. Summary Judgment

"[T]he proponent of a summary judgment motion must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[F]ailure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Ayotte*, 81 NY2d at 1063 [internal quotation marks and citation omitted]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of act which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman*, 49 NY2d at 562). "Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *see also American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472, 473 [1st Dept 1994]). "On a summary judgment motion, facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

### I.     Plaintiffs' First and Second Causes of Action

Plaintiffs' first and second causes of action seek a declaratory judgment that the subject unit is illegal and seek an injunction to legalize the subject unit (*see* Complaint, ¶¶ 35-49). Defendants have established that the subject unit is not illegal by submitting a copy of the certificate of occupancy for the building dated November 15, 1984, the plans for the cellar

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**                    **Page 9 of 15**
**Motion No.  003**

9 of 15

submitted to the Department of Buildings, and the Chen Affidavit (*see* NYSCEF Doc Nos. 36, 38, and 39). Chen, after inspection of the subject unit and cellar, opined that the current layout of the subject unit is in conformity of the certificate of occupancy, and it is the tenant's use of the cellar for sleeping purposes contrary to the certificate of occupancy (*see* NYSCEF Doc No. 36). "Where an owner . . . leases a premises free from violations to a tenant [and] where violations occur as a result of the tenant's misuse, rather than mere use of the premises, it [is] grossly unfair to deny the owner the right to collect rents and the right to dispossess" (*Matter of Caravetto v Springfield*, 54 Misc. 2d 759, 761 [Suffolk Dist Ct 1967]).

In opposition, plaintiffs failed to raise a triable issue of fact. The Henkel affidavit merely alleges "series of examples of ways in which" the subject unit "was not constructed in the manner that the law required" (*see* NYSCEF Doc No. 56). "Averments merely stating conclusions, of fact or of law, are insufficient to defeat summary judgment" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-384 [2004] [internal quotation marks and citations omitted]). Henkel proffered violations related to the exterior of the building and one related to the cellar ceiling and concluded "there are more violations that would be added if [subject unit] was inspected by New York City" (*see* NYSCEF Doc No. 56). Henkel's "[m]ere conclusory assertions, devoid of evidentiary facts, are insufficient to defeat a well-support summary judgment motion, as is reliance upon surmise, conjecture or speculation" (*Grullon v City of New York*, 297 AD2d 261, 263-264 [1st Dept 2002] [internal quotation marks and citations omitted]).

Furthermore, plaintiffs' claim that defendants filed the motion without the aid of any discovery is meritless. Defendants' motion was not premature, as plaintiffs failed to demonstrate "that discovery might lead to relevant evidence or that the facts essential to justify their opposition to the motion were exclusively within defendants' knowledge and control" (*see Bacchus v Bronx*

150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL          Page 10 of 15
Motion No.  003

10 of 15

*Lebanon Hosp. Ctr.*, 192 AD3d 553, 554 [1st Dept 2021] [citations omitted]). "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (*Laporta v PPC Commercial, LLC*, 204 AD3d 538, 539 [1st Dept 2022] [internal quotation marks and citations omitted]). Based on the foregoing, the subject unit is declared legal. Moreover, as plaintiffs' declaratory judgment claim regarding the legality of the unit is without merit, plaintiffs' second "cause of action for injunctive relief has no legal basis and is dismissed" (*see 300 Wadsworth LLC v New York State Div. of Hous. & Community Renewal*, 210 AD3d 454, 456 [1st Dept 2022], *lv denied* 40 NY3d 901 [2023] [citations omitted]).

## II.     Plaintiffs' Third Cause of Action and Defendants' First Counterclaim

Plaintiffs' third cause of action seeks a declaratory judgment to determine and adjudge the subject unit rent stabilized because defendants have filed an annual registration statement with DHCR (*see* Complaint, ¶¶ 51 - 55). Contrary to defendants' assertion, plaintiffs' claim is not barred by the statute of limitations. "[A] tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy" (*Matter of 150 E. Third St LLC v Ryan*, 201 AD3d 582, 583 [1st Dept 2022], *lv dismissed* 39 NY3d 935 [2022] [citations omitted]; *see also Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 199 [1st Dept 2011], *appeal withdrawn* 18 NY3d 954 [2012]). High-rent vacancy deregulation is warranted where, after a stabilized apartment becomes vacant, its legal regulated rent exceeds $2,000.00 ($2,500.00 after June 24, 2011), inclusive of vacancy increase allowances and increases permitted for landlord improvements (*Altman v 285 W. Fourth LLC*, 31 NY3d 178, 185-186 [2018]). This court may look at the rental history surrounding the deregulation of plaintiffs' apartment in 1998 to determine whether the subject unit was properly deregulated (*see Matter of Kostic v New York State Div. of Hous. & Community Renewal*, 188

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**          **Page 11 of 15**
**Motion No.  003**

11 of 15

[* 11]

AD3d 569, 569 [1st Dept 2020] ["Regardless of its age, an apartment's rent history is always subject to review to determine whether a unit is rent-stabilized"] [citations omitted]).

Defendants established that the subject unit was deregulated before plaintiffs took occupancy in 2005. Defendants' evidentiary submissions demonstrated that plaintiffs' predecessors, occupied the subject unit as rent-stabilized tenants from 1996 through the time of their vacancy in 1998, and that the legal rent at the time of the predecessors' vacancy, $1,962.00 per month, plus the 20% increase allowance brought the legal rent to $2,354.40, above the $2,000 threshold then in effect (*see* RSL § 26-504.2 [a]). The registered rents on file with the DHCR for the years immediately prior to the commencement of plaintiffs' tenancies met that threshold (*see* NYSCEF Doc No. 45). Moreover, the lease includes a rider with a provision where the parties agreed that the subject unit is a "non-stabilized apartment" (*see* NYSCEF Doc No. 42). The subject unit's rent-stabilized status is not determined merely because plaintiffs signed a lease and renewal lease indicating the same (*see Heller v Middagh St. Assoc.*, 4 AD3d 332, 332 [2d Dept 2004] [court properly dismissed claim that by attaching rent stabilization riders to leases or tendering renewal leases using rent stabilization forms, defendant contractually agreed to confer rent-stabilized status on subject apartments]; *see also* NYSCEF Doc Nos. 21 and 22). "[R]ent stabilization coverage is a matter of statutory right and cannot be created by waiver or estoppel" (*Matter of Trainer v State of N.Y. Div. of Hous. & Community Renewal*, 162 AD3d 461, 462 [1st Dept 2018] [internal quotation marks and citations omitted]). Plaintiffs merely alleged in their complaint that defendants have filed an annual registration statement with DHCR every year. This allegation is meritless as the registration does not render the subject unit rent stabilized (*see 3505 BWAY Owner LLC v McNeely*, 72 Misc 3d 1, 4 [App Term, 1st Dept 2021] [landlord mistakenly registering the subject unit as stabilized does not warrant a contrary result] [citations omitted]).

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**
**Motion No.  003**                                                                                    **Page 12 of 15**

12 of 15

As defendants established the subject unit was properly deregulated and plaintiffs have not opposed, summary judgment on defendants' first counterclaim is granted, and the subject unit is declared non-rent stabilized.

### III. Plaintiffs' Fourth and Fifth Causes of Action and Defendants' Second and Third Counterclaims

No relief remains to be granted with respect to plaintiffs' fourth cause of action as defendants are not pursuing the notice to cure. Plaintiffs' final cause of action seeks an award of attorney's fees. "[A]ttorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Sage Sys., Inc. v Liss*, 39 NY3d 27, 30-31 [2022] [internal quotation marks and citations omitted]). CPLR 8101 further provides that "[t]he party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determined that to do so allow costs would not be equitable, under all of the circumstances." It has already been determined that plaintiffs' fourth cause of action is moot, and the remaining causes of action are dismissed. Accordingly, plaintiffs' fifth cause of action seeking attorneys' fees cannot survive on its own. Defendants prevailed and are entitled to legal fees pursuant to the lease dated April 22, 2025 (*see* NYSCEF Doc No. 42, at 4). Therefore, this cause of action is dismissed, and defendants' second counterclaim is granted.

Furthermore, defendants established prima facie their entitlement to the damages sought, and plaintiffs failed to raise triable issues of fact. Defendants submitted the rent ledger indicating an outstanding payment of $46,635.92 as of April 20, 2023, and the affidavit from Bruce Haley, a member of defendant 353 West stating the rent ledger is maintained by defendant in its ordinary course of its business (*see* NYSCEF Doc Nos. 40 and 51). "The affidavit sufficiently authenticated

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**        **Page 13 of 15**
**Motion No.  003**

13 of 15

the rent ledger as a business record" (*Epic W14 LLC v Malter*, 212 AD3d 575, 576 [1st Dept 2023]). Based on the foregoing, summary judgment on the third counterclaim is granted.

Accordingly, it is

ORDERED that defendants' motion for summary judgment is granted and the second and fifth causes of action are dismissed with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ADJUDGED and DECLARED that the subject unit is legal and not rent stabilized;

ORDERED that defendants' motion for summary judgment with respect to the fourth cause of action is moot; and it is further

ORDERED that plaintiffs' attorneys are directed to release the rent and/or use and occupancy payments held in escrow to defendants in the amount of $46,635.92 upon entry of this order; and it is further

ORDERED that the issue of amount of reasonable attorney's fees, costs, expenses, and/or other monies due to defendants based on the non-payment of rent or use and occupancy that defendants may recover against plaintiffs is severed and referred to a Special Referee to hear and report; and it is further

ORDERED that counsel for defendants shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a completed Information Sheet, upon the Special Referee Clerk in the General Clerk's Office (Room 119), who is directed to place this matter on the calendar for the Special Referee's Part for the earliest convenient date; and it is further

ORDERED that such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**                    **Page 14 of 15**
**Motion No.  003**

14 of 15

Electronically Filed Cases (accessible at the "E-filing" page on the court's website at the address

www.nycourts.gov/supctmanh); and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

| __3/26/2024__ | | | |
|---|---|---|---|
| **DATE** | | **RICHARD G. LATIN, J.S.C.** | |

| CHECK ONE: | X CASE DISPOSED | NON-FINAL DISPOSITION | |
|---|---|---|---|
| | X GRANTED ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150038/2022   STEPHANIE HANDLEY ET AL vs. BH PROPERTIES NYC, LLC ET AL**
**Motion No.  003**

**Page 15 of 15**

15 of 15

[* 15]