Gallen v Gallen (2020 NY Slip Op 02732)





Gallen v Gallen


2020 NY Slip Op 02732


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11458 310701/11

[*1] David Gallen, Plaintiff-Appellant-Respondent,
v
Nancy Gallen, Defendant-Respondent-Appellant.


Amy Saltzman, P.C., New York (Amy Saltzman of counsel), for appellant-respondent.
Chemtob Moss Forman & Beyda, LLP, New York (Susan M. Moss of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered August 29, 2018, which, to the extent appealed from as limited by the briefs, awarded defendant 25% of the "marital" portion of plaintiff's premarital Vanguard account ending in -4264, awarded defendant 50% of the value of plaintiff's Chase account ending at -8909 at commencement without crediting plaintiff for $20,000 in post-commencement transfers, terminated defendant's maintenance as of December 31, 2018, and awarded defendant $70,000 in counsel fees, unanimously affirmed, without costs.
The trial court properly found that the increase in value in the Vanguard account in the plaintiff's name was due in part to active trading by plaintiff and to deposits of funds not traced to separate property. Accordingly, the trial court properly exercised its discretion in awarding defendant $494,626 from that account.
The court acted within its discretion in declining to award plaintiff a $20,000 credit for post-commencement transfers to defendant before his Chase account ending in -8909 was distributed (see generally Coburn v Coburn, 300 AD2d 212, 213 [1st Dept 2002]). Despite his failure to provide a reason for these transfers at trial, plaintiff claims that the sum was, de facto, an advance to defendant on her equitable distribution. However, there is no evidence that the parties entered into such an agreement.
The court providently exercised its discretion in terminating defendant's non-taxable maintenance as of December 31, 2018, after considering her employment prospects, the parties' modest marital lifestyle, and the equitable distribution of assets (Cohen v Cohen, 120 AD3d 1060, 1064 [1st Dept 2014], lv denied 24 NY3d 909 [2014]). Notably, defendant had received pendente lite support since the commencement of the action in 2011, a duration longer than the parties' six-year marriage. Under the circumstances, she is not entitled to a longer duration of maintenance.
Contrary to defendant's contention, we perceive no reason to disturb the referee's finding that both parties prolonged the litigation, and therefore decline to award defendant additional counsel fees on that ground.
We have considered and rejected the parties' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK