Levin v Levin (2022 NY Slip Op 03050)

Levin v Levin

2022 NY Slip Op 03050

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 

Index No. 365077/20 Appeal No. 15887 Case No. 2021-04447 

[*1]Matthew Levin, Plaintiff-Appellant,
v
Oksana Levin, Defendant-Respondent.

Mantel McDonough Riso, LLP, New York (Kevin M. McDonough of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Matthew C. Kesten of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered November 19, 2021, which, to the extent appealed from as limited by the briefs, upon defendant wife's pendente lite motion and plaintiff husband's cross motion, directed plaintiff to pay $4,750 per month for child support, plus 57% of add-on expenses, $60,000 for defendant's interim counsel fees, and $6,085 per month for the majority of carrying costs for the marital home, unanimously modified, on the law and the facts, to the extent of remitting the matter to Supreme Court for a clarification and recalculation of the child support award and/or carrying costs of the marital residence in accordance with this decision, and otherwise affirmed, without costs.
"A pendente lite award should only be modified 'rarely' and the general rule is that an aggrieved party's remedy for perceived inequities in a pendente lite award is a speedy trial" (Anonymous v Anonymous, 63 AD3d 493, 496-497 [1st Dept 2009], appeal dismissed 14 NY3d 921 [2010] [internal citation omitted]). However, a pendente lite award may be modified where a court awards an impermissible double shelter allowance resulting from directing the payment of both a child support award under the Child Support Standards Act and the carrying costs on the marital residence (see Mosso v Mosso, 84 AD3d 757, 759 [2d Dept 2011]).
The pendente lite award should be modified as the court directed the plaintiff to pay both child support as well as the majority of the carrying costs on the marital residence, resulting in a double shelter allowance. The court did so even though neither party sought a directive regarding carrying costs on the marital residence and the court failed to provide any explanation as to why it was awarding both child support and carrying costs on the marital residence. Accordingly, we remit the matter to Supreme Court to clarify and recalculate the amount of child support and/or carrying costs for the marital residence.
We decline to reach the merits of plaintiff's argument that the pendente lite award should be modified with respect to plaintiff's obligation to pay retroactive child support and defendant's counsel fees because plaintiff's remedy for such perceived inequities is a speedy trial (see Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022