Murray v Rashid (2022 NY Slip Op 07001)

Murray v Rashid

2022 NY Slip Op 07001

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 321789/20 Appeal No. 16822 Case No. 2021-02063 

[*1]Jessica Murray, Plaintiff-Respondent,
v
Hamidur Rashid, Defendant-Appellant.

Hamidur Rashid, appellant pro se.
John Teufel, Kew Gardens, for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about May 13, 2021, which, to the extent appealed from as limited by the briefs, granted, in part, plaintiff wife's motion for child support, half the carrying costs of the parties' marital residence, and past and reasonable prospective counsel fees, unanimously modified, on the law, to the extent of vacating the award of counsel fees, and otherwise affirmed, without costs.
We decline to disturb the pendente lite award. As to the child support award, the husband has not shown that there are exigent circumstances necessitating a different award, nor has he shown that Supreme Court failed to consider the appropriate factors when it determined the award, which was derived from the parties' imputed incomes (see Strauss v Saadatmand, 89 AD3d 415, 416 [1st Dept 2011]). As to the award regarding payments on the marital residence, the court did not, despite the husband's contention otherwise, effectively award maintenance to the wife when it ordered the parties to share equally in payment of the mortgage, maintenance, and taxes. Both the husband and wife hold the mortgage and are obliged to make these payments, and failure to remit them could result in foreclosure on the parties' largest asset.
The court providently exercised its discretion in directing that both parties share equally the cost of resolving the stop-work orders on the marital residence and in bringing it into code compliance. "It is generally the responsibility of both parties to maintain the marital [residence] . . . during the pendency of a matrimonial action" and the award will preserve the marital asset until it is sold (Barra v Barra, 191 AD3d 831, 832 [2d Dept 2021]). Additionally, the award will provide an incentive for the husband to cooperate in moving the action forward and facilitating the sale of the residence (see Burke v Burke, 175 AD3d 458, 460 [2d Dept 2019]).
However, it was not a provident exercise of the court's discretion to award counsel fees to the wife (Domestic Relations Law § 237). Although the wife is the less monied spouse, the presumption of entitlement to counsel fees is rebuttable, and the disparity in the parties' incomes is not so great that the wife was unable to obtain and pay for adequate representation (see Roddy v Roddy, 161 AD3d 441, 442 [1st Dept 2018]). Furthermore, there was no finding by the court that the husband had engaged in
dilatory practices increasing the wife's counsel fees (see Gallen v Gallen, 183 AD3d 425, 426 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022