Epic W14 LLC v Malter (2023 NY Slip Op 00393)

Epic W14 LLC v Malter

2023 NY Slip Op 00393

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 150148/19 Appeal No. 17206-17207 Case No. 2022-02925, 2022-02926 

[*1]Epic W14 LLC, Plaintiff-Respondent,
v
Stefan Malter, et al., Defendants-Appellants.

Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for appellants.
SDK Heiberger LLP, New York (Jacqueline Handel-Harbour of counsel), for respondent.

Judgment, Supreme Court, New York County (David B. Cohen, J), entered July 1, 2022, awarding plaintiff damages in the amount of $1,543,113.71 plus interest, and bringing up for review an order, same court and Justice, entered June 10, 2022, which granted plaintiff's motion for summary judgment on damages, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs established prima facie their entitlement to the damages sought, and defendants failed to raise triable issues of fact.
Contrary to defendants' contention, the court properly considered the rent ledger submitted by plaintiff in awarding plaintiff damages for unpaid base rent. Pursuant to CPLR 4518(a), a writing or record is admissible as a business record "if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter." Here, the managing agent for plaintiff landlord averred in an affidavit that "[t]he rent history is prepared in the ordinary course of the Landlord's business" and that "[i]tems are entered as they are charged and/or when payment, if any, is made." The affidavit sufficiently authenticated the rent ledger as a business record. Further, the court properly concluded that it was in the regular course of plaintiff's business as a commercial landlord to maintain the rent ledger.
As to the additional rent for real estate taxes, water usage, and common area maintenance, the lease required that plaintiff forward defendant tenant a statement of these charges by registered mail, certified mail return receipt requested, or personal delivery. Defendants contend that plaintiff is not entitled to recover such additional rents because plaintiff failed to submit evidence showing that the condition precedent of service of the statements by certified mail or personal delivery had been met. Defendants guarantors, however, may not challenge the propriety of the method in which plaintiff notified tenant of the charges, as the absolute and unconditional guaranty precluded them from raising defenses to the underlying debt (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492-494 [2015]). Further, defendant tenant waived its challenge to the propriety of the method of notice by failing to object to the statements during the years the lease was in effect.
With regard to the award of attorneys' fees, the motion court's prior determination as to liability precludes defendants' contention that plaintiff is not the prevailing party in this action.
Finally, defendants guarantors are bound by both the Civil Court judgment entered pursuant to the August 2016 stipulation and the January 2019 Civil Court motion order under the doctrine of collateral estoppel. The doctrine [*2]applies where there is "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" and "a full and fair opportunity to contest the decision now said to be controlling" (Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]). Here, it is clear that the issues decided in the Civil Court proceeding — rent due through July 2016 and defendants' waiver of the notice requirements for additional rent — are identical to two of the issues raised in this action. Additionally, defendant tenant had a full and fair opportunity to litigate those issues in the prior proceeding, and defendants guarantors were in privity with the tenant (see id. at 304; Moon 170 Mercer, Inc. v Vella, 146 AD3d 537, 538 [1st Dept 2017], lv denied 29 NY3d 919 [2017]).
We have considered defendants' remaining arguments, including those concerning the award of brokerage commissions and water rent, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023