Ravichandran v Renjen (2024 NY Slip Op 01260)

Ravichandran v Renjen

2024 NY Slip Op 01260

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Index No. 365208/21 Appeal No. 1824 Case No. 2023-02801 

[*1]Amrith Ravichandran, Plaintiff-Appellant,
v
Pooja Renjen, Defendant-Respondent.

Aronson Mayefsky & Sloan, LLP, New York (Nina S. Gross of counsel), for appellant.
Cohen Clair Lans Greifer & Simpson, LLP, New York (Bernard E. Clair of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered May 3, 2023, which, to the extent appealed from, granted defendant wife's motion for pendente lite counsel fees, unanimously reversed, on the law, without costs, and defendant's motion for counsel fees denied.
Under the circumstances of this case, the court improperly awarded counsel fees to the wife (Domestic Relations Law § 237). Assuming the wife is the less monied spouse, the presumption of entitlement to counsel fees is rebuttable, and the disparity in the parties' incomes, even as of the date of the wife's motion, is not so great that the wife was unable to obtain and pay for adequate representation (Murray v Rashid, 211 AD3d 481, 482 [1st Dept 2022], lv dismissed 39 NY3d 1176 [2022]; see Roddy v Roddy, 161 AD3d 441, 442 [1st Dept 2018]). Although the husband's financial picture was evidently more complicated than the wife's, there was no finding by the court that the husband engaged in dilatory practices (see Gallen v Gallen, 183 AD3d 425, 426 [1st Dept 2020]), nor do we find otherwise upon the record before us.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024