Wolinsky v Berkowitz (2024 NY Slip Op 02389)

Wolinsky v Berkowitz

2024 NY Slip Op 02389

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Index No. 365303/22 Appeal No. 2189 Case No. 2023-02781 

[*1]Claire Wolinsky, Plaintiff-Respondent,
v
Eric Berkowitz, Defendant-Appellant.

Chemtob Moss Forman & Beyda LLP, New York (Carly Krasner Leizerson of counsel), for appellant.
Bender & Crane LLP, New York (Susan L. Bender of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about April 25, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's cross-motion for pendente lite relief to the extent of awarding her $10,000 per month in temporary child support, expenses of up to $2,000 per month to be placed on defendant husband's credit card, $150,000 in interim attorneys' fees, and $10,000 in interim expert fees, unanimously modified, on the law, to the extent of vacating the award of $2,000 of expenses per month to be placed on defendant's credit card, and otherwise affirmed, without costs.
In general, an aggrieved party's remedy for any perceived inequities in a pendente lite award is a speedy trial, and we find that no exception is warranted here (see Kohli v Tewari, 216 AD3d 512, 513 [1st Dept 2023]; Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]). As to the child support award, defendant has not shown that there are exigent circumstances necessitating a different award, nor has he shown that the motion court failed to consider the appropriate factors or erred in its calculations (see Murray v Rashid, 211 AD3d 481, 482 [1st Dept 2022], lv denied 39 NY3d 1176 [2023]).
Contrary to defendant's contention, the pendente lite order did not result in an impermissible double shelter allowance insofar as the order neither denied his request for plaintiff to contribute to the carrying charges nor ordered him to pay 100% of the charges for the months during which the parties resided in the apartment post-commencement in addition to pendente lite child support (cf. Levin v Levin, 205 AD3d 452, 452-453 [1st Dept 2022]).
That the parties lived together between October 2022 and March 2023 does not bar an award of child support where there is evidence that the award is necessary to maintain the reasonable needs of the children during litigation (see Harari v Davis, 59 AD3d 182, 182 [1st Dept 2009]; Koerner v Koerner, 170 AD2d 297, 298 [1st Dept 1991]).
The court providently exercised its discretion in awarding interim attorneys' fees to plaintiff, considering the circumstances of the case and the parties' respective financial positions (see Domestic Relations Law §§ 237[a], 238; see also DeCabrera v DeCabrera-Rosete, 70 NY2d 879, 881 [1987]). Plaintiff is the less monied spouse, and the award of interim attorneys' fees will permit her to continue the litigation. There is no requirement that she spend down a substantial portion of her assets to qualify for an award of attorneys' fees (see Charpie v Charpie , 271 AD2d 169, 172 [1st Dept 2000]).
However, we vacate so much of the order as permitted plaintiff to incur up to $2,000 of expenses on defendant's credit card per month, retroactive to the date of filing of the cross-motion, for the household goods and ancillary expenses for the children, and award defendant credit for charges made. The household goods and ancillary expenses are already included in the temporary [*2]child support award, which was also retroactive to the date of filing, and an award for additional expenses is therefore not necessary.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024