Daper Realty, Inc. v Pizzimenti (2025 NY Slip Op 00019)

Daper Realty, Inc. v Pizzimenti

2025 NY Slip Op 00019

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 155325/20 655100/21 Appeal No. 3382-3383 Case No. 2024-00163 2024-02795 

[*1]Daper Realty, Inc., Plaintiff-Respondent,
v
Christopher Pizzimenti also known as Chris Pizzimenti, Defendant-Appellant.
Daper Realty, Inc., Plaintiff-Respondent,
v
Al Horno Lean Mexican 57, Inc., Defendant-Appellant, XYZ Corp, Defendant.

Law Offices of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellants.
Kucker Marino Winiarsky & Bittens, LLP (Nativ Winiarsky of counsel), for respondent.

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered December 12, 2023, in plaintiff's favor against defendant guarantor, and bringing up for review an order, same court and Justice, entered on or about October 23, 2023, to the extent it denied defendant guarantor's motion for leave to amend his answer and, upon amendment, for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Judgment, same court and Justice, entered April 12, 2024, in plaintiff's favor against defendant tenant, and bringing up for review an order, same court and Justice, entered on or about February 28, 2024, which granted plaintiff's motion to confirm the Special Referee's report, unanimously affirmed, with costs.
The motion court providently denied defendant guarantor's motion for leave to amend his answer to include a defense under Business Corporation Law § 1312(a) based on a lack of capacity where, as here, the parties' guaranty stated that the guarantor waived all defenses except payment (see e.g. Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]). The waiver includes any claim of fraud arising from the landlord's misleading statement in the guarantor complaint that it was authorized to do business in New York (see Citibank v Plapinger, 66 NY2d 90, 93 [1985]). Because the waiver of defenses other than payment is dispositive, the guarantor's motion for summary judgment based on the proposed amendment was properly denied.
As to plaintiff's related action against defendant tenant, as a preliminary matter, the court was entitled to consider the motion to confirm on its own initiative, irrespective of the timeliness of plaintiff's motion (see CPLR 4403; see also Uniform Rules for Trial Cts [22 NYCRR] § 202.44[b]).
Contrary to tenant's contention, the copy of the lease presented at the hearing before the Special Referee satisfied the best evidence rule and CPLR 4539(b), as the Referee properly determined "that the proffered evidence is authentic and correctly reflects the contents of the original before ruling on its admissibility" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 645 [1994] [internal quotation marks omitted]). The landlord's witness established that he was sufficiently familiar with the lease in the course of his employment to authenticate it as a business record, and he competently testified to his company's record keeping procedures (see e.g. DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146, 146 [1st Dept 2003]; see also Choudhry v Starbucks Corp., 213 AD3d 521, 522 [1st Dept 2023]). Defendant tenant failed to identify any substantive dispute as to the contents and accuracy of the lease copy submitted to preclude its admission based on a violation of the best evidence rule (see Dhillon v Bryant Assoc., 26 AD3d 155, 157 [1st Dept 2006]). The rent ledger was properly admitted into evidence as a business record through the testimony of the same employee of the [*2]managing agent, in which he stated that his company's practice in the regular course of its business was to enter amounts due under the lease contemporaneously with their occurrence (see CPLR 4518[a]; Epic W14 LLC v Malter, 212 AD3d 575, 575-576 [1st Dept 2023], lv denied, 40 NY3d 904 [2023]). The tenant did not dispute any of the specific charges set forth in the ledger.
We have considered defendants' respective remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025