National Community Reinvestment Coalition, Inc. v Midtown Coalition Space LLC (2026 NY Slip Op 00317)

National Community Reinvestment Coalition, Inc. v Midtown Coalition Space LLC

2026 NY Slip Op 00317

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 652675/21|Appeal No. 5639|Case No. 2024-04524|

[*1]National Community Reinvestment Coalition, Inc., Doing Business as National Community Reinvestment Coalition, Plaintiff-Appellant-Cross-Respondent,
vMidtown Coalition Space LLC, Doing Business as Micro Office and Coalition Brands, Defendant-Respondent-Cross-Appellant.

Landy Wolf, PLLC, New York (David A. Wolf of counsel), for appellant-respondent.
The Lawyer James J. DeCristofaro, P.C., New York (James J. DeCristofaro of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered July 10, 2024, which denied defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross-motion for summary judgment on its breach of contract claim and dismissing defendant's affirmative defenses, unanimously modified, on the law, to grant plaintiff's cross-motion and remand the matter for a calculation of damages, and otherwise affirmed, without costs.
Defendant is collaterally estopped from raising the question of whether the parties' sublease terminated under a 2019 stipulation of settlement, as the matter was litigated and decided in plaintiff's related action against defendant's guarantor, with which defendant is in privity (see Epic W14 LLC v Malter, 212 AD3d 575, 576 [1st Dept 2023], lv denied 40 NY3d 904 [2023]). Defendant contends that the record in the guarantor action was limited because it involved a motion for summary judgment in lieu of complaint, and that neither Supreme Court's order nor this Court's affirmance addressed whether the overlandlord's consent to the 2019 stipulation was required to revive the sublease. However, these contentions cannot overcome the determination in the guarantor action by Supreme Court, and affirmed on appeal by this Court, that the sublease was modified rather than terminated (see National Community Reinvestment Coalition, Inc. v Micro Off. Mgt. LLC, 209 AD3d 588, 589 [1st Dept 2022]).
Even assuming that defendant is not collaterally estopped from raising those issues, we reject its contention that plaintiff's failure to obtain the overlandlord's consent to the 2019 stipulation relieved defendant of its obligations under the stipulation. There is no dispute that defendant signed the stipulation, occupied the premises, and made rent payments, thereby ratifying its terms (see Moon 170 Mercer, Inc. v Vella, 146 AD3d 537, 537 [1st Dept 2017], lv denied 29 NY3d 919 [2017]). Accordingly, defendant's affirmative defenses relating to the termination and landlord's consent should have been dismissed. The remaining affirmative defenses plead conclusions of law without any supporting facts, warranting their dismissal as well (see e.g. 170 W. Vil. Assoc. v G & E Realty, Inc., 56 AD3d 372, 372-373 [1st Dept 2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026