Lackwood v Lackwood (2026 NY Slip Op 00317)

Lackwood v Lackwood

2026 NY Slip Op 00317

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 320024/24|Appeal No. 5667-5668|Case No. 2025-00361, 2025-04297|

[*1]Confidence Lackwood, Plaintiff-Respondent,
vMichael Lackwood, Defendant-Appellant.

Michael Lackwood, appellant pro se.
Pryor Cashman LLP, New York (Caitlin Connolly of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about December 12, 2024, which, to the extent appealed from as limited by the briefs, directed defendant husband to pay: 100% of the carrying costs of both the marital residence (Unit S-3) and the downstairs investment apartment (Unit S-2); $1,000 a month in pendente lite spousal maintenance and $1,643.54 monthly in pendente lite child support; and $75,000 in interim counsel fees to plaintiff wife's attorneys, subject to reallocation after trial, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 20, 2025, which, to the extent appealed from, denied the husband's motion for leave to renew, unanimously affirmed, without costs.
The motion court's pendente lite order was based on a proper determination that the wife was the less monied spouse. The court considered the parties' tax returns and the voluminous documents they submitted regarding income and expenses, and concluded, based on the husband's admission that his income in 2023 was $321,037, the precise number that he disclosed in his statement of net worth, that this was his actual income. We note that the husband included in his papers on the underlying motion an exhibit titled the "Household Budget," in which he represented that he had covered the family's expenses since 2022 with .5% of financial help from his family. This representation is inconsistent with his claim on appeal that his income is insufficient to maintain the family's lifestyle. Further, the court properly concluded that the parties' reported incomes as of their last tax return, compared to their standard of living, were unreliable, warranting imputation of income to both parties in calculating child and spousal support (see Perrone v Perrone, 224 AD3d 518, 518 [1st Dept 2024]). While the husband perceives that the pendente lite awards were inequitable, his best remedy is a speedy trial (see id.).
A pendente lite award may be modified where a court awards an impermissible "double shelter" allowance that results when one party is directed to pay both a child support award under the Child Support Standards Act and the carrying costs on the marital residence (see Levin v Levin, 205 AD3d 452, 452 [1st Dept 2022]). We reject the husband's contention that such a modification is warranted here, because the court made clear that it was not awarding child support based on the combined imputed income of the parties, but rather on the basic statutory support cap of $183,000, in consideration of the fact that the husband was paying the carrying costs of the two apartments and the child's private school tuition.
The court correctly denied the husband renewal after determining that he failed to identify any evidence that was unavailable at the time of the underlying motion which would have changed the prior determination. His reliance on the wife's automobile lease application, which represented that she earned $120,000, is unavailing, because the court imputed $170,000 in income to the wife. Any evidence proffered by the husband's accountant did not constitute "new facts" as required by CPLR 2221(e)(2), and even if it did, the husband did not provide any reason, let alone reasonable justification, for his failure to submit the forensic analysis on the underlying motion (see Justino v Santiago, 116 AD3d 411, 411 [1st Dept 2014]). Although the husband's appeal does not appear to seek review of the denial of his motion to reargue, we note that no appeal lies therefrom (Rodriguez v Nevei Bais, Inc., 158 AD3d 597, 598 [1st Dept 2018]).
We have considered the husband's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026