Gomes v Roux

2026 NY Slip Op 02331

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Alzerina Gomes, Plaintiff-Respondent,

v

Frederic Des Estangs Roux, Defendant-Appellant.

Decided and Entered: April 16, 2026

Index No. 311028/15|Appeal No. 6387|Case No. 2023-04921|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Law Office of J. Douglas Barics, Commack (J. Douglas Barics of counsel), for appellant.

Alzerina Gomes, respondent pro se.

[*1]

Judgment of divorce, Supreme Court, New York County (Tandra Dawson, J.), entered March 22, 2023, and bringing up for review a decision and order, same court and Justice, issued November 3, 2022, confirming the report of Special Referee (Sue Ann Hoahng, Referee) issued August 26, 2019, which, after trial, and to the extent appealed from as limited by the briefs, awarded plaintiff wife counsel fees in the amount of $73,186.88, ordered that plaintiff was to retain certain real property in Cape Verde, provided for equal division of the parties' marital estate of $439,992.35, for debts to be paid by the party incurring them, and child support from plaintiff to defendant of $25 per month until emancipation, unanimously affirmed, without costs.

The parties in this protracted matrimonial action were married in France in 1997. Plaintiff wife brought this action for divorce in August 2015. The parties had one child together who began residing with defendant husband in 2016. Supreme Court held several conferences in the case, at which it determined certain discovery issues and pendente lite maintenance and child support. The court then referred several issues to a Special Referee to hear and report, including equitable distribution, allocation of marital debt, spousal maintenance, child support arrears, and counsel fees.FN1

Throughout the contentious six-day hearing, the Special Referee repeatedly reprimanded defendant and his counsel for their disrespectful and disruptive behavior. During the hearing, defendant argued that the prenuptial agreement signed by the parties in France in 1997 was valid and enforceable and precluded equitable distribution. The Special Referee, noting that there was no allegation of a prenuptial agreement in defendant's answer or in the preliminary conference order, declined to consider the document.

With respect to equitable distribution, the Special Referee concluded that the marital estate was worth $439,992.32, plus real property located in Cape Verde, plaintiff's nation of origin, valued at $59,000. The Special Referee recommended that the Cape Verde property be awarded outright to plaintiff, as an equitable measure to compensate plaintiff for domestic violence she suffered by defendant, as well as for defendant's admittedly wrongful removal of funds from a retirement account. The Special Referee awarded each party fifty percent of the remainder of the marital estate and did not consider the prenuptial agreement in her recommendation.

[*2]

Plaintiff moved to confirm the Special Referee's report. Defendant appeared pro se on the motion and submitted lengthy papers that did not conform to court rules. Supreme Court declined to consider defendant's opposition and initially confirmed the Special Referee's report in an order dated June 22, 2020. The court later vacated its order in consideration of defendant's pro se status and gave him an opportunity to be heard regarding the Special Referee's report. After receiving defendant's opposition, the court granted plaintiff's motion to confirm. Judgment was entered March 22, 2023. Defendant appealed and we now affirm.

Supreme Court properly declined to consider and enforce the prenuptial agreement. Defendant did not reference the prenuptial agreement in his answer or his counterclaims (see CPLR 3013). The portion of the court's preliminary conference order seeking information about "Premarital, Marital or Separation Agreements" was left blank. Defendant's December 2015 Statement of Net Worth, which was not amended until the time of trial, alleged that his foreign assets were premarital but made no reference to the prenuptial agreement. Further, defendant never moved to amend his answer or to conform the pleadings to the proof (CPLR 3025(b], [c]); cf. Ross v Ross, 35 AD3d 430, 431 [2d Dept 2006]).

Defendant's arguments regarding the proper distribution and calculation of the parties' assets for equitable distribution are largely raised for the first time on appeal, and we decline to address them in the interest of justice (see generally Rosenblum v Treitler, 242 AD3d 472, 473 [1st Dept 2025]). The trial court has broad discretion in determining a distribution of the assets (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420 [2009]) and has "substantial flexibility in fashioning an appropriate decree based on what it views to be fair and equitable under the circumstances" (id. at 420).

The Special Referee's determination, as confirmed by Supreme Court, and based on the information before them, was not erroneous. Moreover, there is no reason to disturb the Special Referee's credibility determinations and factual findings, which are entitled to great deference on appeal (see e.g. Matter of Anthony L. v Bernadette R., 193 AD3d 510, 511 [1st Dept 2021]).

The court properly allocated marital debt, particularly as the amounts appear to be undisputed, and debts need not be apportioned equally (see generally Van Boxtel v Van Boxtel, 233 AD3d 463, 463-464 [1st Dept 2024]; Culman v Boesky, 207 AD3d 18, 25, [1st Dept 2022], lv denied 39 NY3d 907 [2023]).

[*3]

An award of counsel fees in a matrimonial action is a matter within the sound discretion of the trial court (see Prichep v Prichep, 52 AD3d 61, 64 [2d Dept 2008]). It is controlled by the equities and circumstances of each case, including, among other factors, the relative merits of the parties' positions and their respective financial circumstances (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; see also Johnson v Chapin, 12 NY3d 461, 467 [2009]; Morrissey v Morrissey, 259 AD2d 472, 473 [2d Dept 1999]). The court mayconsider whether a party has engaged in unreasonable positions or dilatory behavior that prolonged the litigation (see Gallen v Gallen, 183 AD3d 425 [1st Dept 2020]). Contrary to defendant's argument, counsel fees were before the hearing court, as the bulk of plaintiff's invoices were entered into evidence, and she testified to their reasonableness. Moreover, a review of the transcript confirms defendant's obstructive and inappropriate behavior during the trial, which prolonged the proceedings. Considering the parties' financial disparity, the legal fees incurred, and the actions of defendant and his counsel, the court's determination to award plaintiff fifty percent of the counsel fees she requested was a provident exercise of its discretion.

As defendant did not raise the issue of a Qualified Domestic Relations Order either during the trial or in written summation, the issue was not before the Special Referee when she made her determination. It was thus not error for the court to disregard this belated request.

Under the circumstances of this case, we find that the court's determination of $25 per month child support until the child's emancipation based on plaintiff's income was proper.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026

Footnotes

Footnote 1: The parties settled the issues of spousal maintenance and child support arrears.